# WILLKIE FARR & GALLAGHER LLP

RICHARD MANCINO
212 728 8243
rmancino@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

January 17, 2012

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     Favors v. Cuomo, CV11-5632 (DLI) (RLM)

Dear Judge Irizarry:

I write regarding the Motion to Dismiss filed by Defendant Brian M. Kolb, Docket No. 41 (the "Kolb Motion"), which was joined by Defendant Robert Oaks, Docket No. 42.

While Plaintiffs agreed that the Motion to Dismiss filed by Defendants Skelos, Silver, McEneny, Hedges, Nozzolio and Lopez, Docket No. 22, (the "Skelos Motion") could be heard solely by Your Honor, the Kolb Motion should be heard by a three-judge court.  Under 28 U.S.C.A. § 2284 (a), a three-judge panel must be convened "when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  Under 28 U.S.C.A. § 2284(b)(3), a single judge, prior to convening the three-judge panel, "shall not … enter judgment on the merits."  Notwithstanding this statutory language, Plaintiffs have acknowledged the cases that provide that a motion to dismiss solely on grounds of ripeness, justiciability, or lack of standing, such as the Skelos Motion, may be heard by a single judge.  *McLucas v. DeChamplain*, 421 U.S.21, 28 (1975); *Loeber v. Spargo*, 2008 WL 111172 at *2 (N.D.N.Y. 2008).

However, the Kolb Motion goes beyond issues of ripeness, justiciability or standing and asks the Court to dismiss Plaintiffs' Complaint for failure to state claims for violation of the Equal Protection and Due Process clauses of the United States Constitution.  For claims outside of the ripeness/justiciability/standing context, a single judge may only dismiss a claim "if the claim is insubstantial."  *Loeber*, 2008 WL 111172 at *2 (citing *Bailey v. Patterson*, 369 U.S. 31 (1962)).  The standard for a single judge to dismiss because of insubstantiality is a high one.  "A claim is insubstantial only if its unsoundness so clearly results from the previous decisions of [the United States Supreme Court] as to foreclose the subject and leave no room for the inference that the question sought to be raised can be a subject of controversy."  *Kalson v. Paterson*, 542 F.3d 281, 288 (2d Cir. 2008) (quoting *Goosby v. Osser*, 409 U.S. 512 , 518).  Other Supreme Court opinions have similarly

The Honorable Dora L. Irizarry
January 17, 2012
Page 2

characterized insubstantial claims as "wholly insubstantial, legally speaking nonexistent," *Bailey*, 369 U.S. at 33, or "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974). In their several challenges to the Complaint, no Defendant has made such an argument of insubstantiality.

Because time is of the essence in this case, Plaintiffs seek a resolution of both motions to dismiss as quickly as possible. As one option, Your Honor may proceed to decide the Skelos Motion and, upon denial of that motion, convene the three-judge panel to consider the Kolb Motion. As another option, given the existence of two motions to dismiss and the overlapping issues between them, Your Honor may instead convene the three-judge panel now so that the panel may consider both motions together. It would appear to us that the latter option is the most efficient path to the resolution of the motions, but we will of course defer to Your Honor in this regard. In the event Your Honor intends to decide the Skelos Motion, which has now been fully briefed, Plaintiffs respectfully request argument on that motion as soon as possible.

Respectfully yours,

Richard Mancino

cc:     All Counsel (via ECF)