UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X

MARK A. FAVORS et al

        Plaintiffs,                      Case No. 1:11-cv-5632-DLI-RLM

                                      Date of Service: January 17, 2012

ANDREW M. CUOMO et al

        Defendants.

-------------------------------------------------X

## MEMORANDUM OF LAW BY DEFENDANTS JOHN L. SAMPSON AND MARTIN MALAVE DILAN IN OPPOSITION TO THE MOTIONS TO DISMISS BY DEFENDANTS BRIAN M. KOLB AND ROBERT OAKS

Leonard M. Kohen
67 e. 11th Street, #703
New York, NY 10003
Tel: (212) 254-8371
leonard.kohen@gmail.com

Jeffrey M. Wice
P.O. Box 42442
Washington, D.C. 20015
Tel (202)494-7991
wicenysenate@gmail.com

*Attorneys for Defendants,*
*John L. Sampson and Martin Malavé Dilan*

**PRELIMINARY STATEMENT**

Defendants Senators John L. Sampson and Martin M. Dilan (hereinafter "Sampson and Dilan"), respectfully submit this memorandum in opposition to two separate motions to dismiss by Co-Defendants Brian M. Kolb, and Robert Oaks ("Movants"). This Court should deny these motions and allow this action to proceed or, at a minimum, stay the action to retain jurisdiction because Plaintiffs have adequately alleged that the redistricting process has reached an impasse and that the time for prompt Court intervention has come.

**BACKGROUND**

Defendants Sampson and Dilan come before this Court again opposing motions to dismiss for lack of ripeness. One other motion to dismiss on the same grounds is now fully submitted to this Court.[1] The concerns Sampson and Dilan raised in the earlier Memorandum of Law in Opposition (ECF doc no. 45, opposing prior motion to dismiss) are even more relevant now, given that the Legislative Advisory Task Force on Demographic Research and Reapportionment (LATFOR) has fallen behind its schedule. LATFOR recently announced that it might curtail the initially planned second round of 14 hearings as announced last November down to eight or nine which will conclude at the end of February. Moreover, under the current proposed timeframe, LATFOR will not be able to propose a congressional redistricting plan with enough time to avoid disruptions to the 2012 election calendar. In fact, LATFOR's Co-Chairs

---

[1] Defendants Dean G. Skelos, Sheldon Silver, John J. McEneny, Roman Hedges, Michael F. Nozzolio And Welquis R. Lopez jointly moved this Court to dismiss this action or in the alternative, to stay this case, in a filing with this Court on December 12, 2011 (ECF doc no. 22). The Plaintiffs and Defendants Sampson and Dilan each submitted oppositions to the motion on December 29, 2011 (ECF doc nos., respectively, 43-44 and 45-46), and the moving Defendants replied on January 9, 2012 (ECF doc nos. 53-54).

1

have said that they will not proceed with congressional redistricting until after passing the Senate and Assembly redistricting plans, which reflects the pattern of the previous two redistricting cycles. Both times, LATFOR never recommended *any* congressional redistricting plan to the Legislature. Additionally, since Sampson and Dilan's previous court submission, the Senate Majority unexpectedly announced that it intends to add an additional Senate seat, bringing the total to 63. This highly controversial action – at the eleventh hour – perfectly exemplifies LATFOR's secretive and partisan process and is a good reminder of why Governor Cuomo has pledged to veto LATFOR's proposed lines. In the weeks since Sampson and Dilan's previous submission, it thus has become even clearer that the Legislature is *already* at an impasse regarding redistricting. These new developments, combined with the factors cited in the Complaint and in Sampson and Dilan's previous submission, discussed below, confirm that this action is certainly ripe for court intervention.

As Sampson and Dilan explained in their prior Memorandum of Law in Opposition (pp. 3-7), in each of the past three decades, when courts have appointed special masters between four and five months in advance of the primary elections, New York's Legislature has repeatedly failed to complete redistricting without delays that resulted in the disruption of the election calendar. Without prompt court intervention, this is most certainly going to be the case this year, given these additional unique factors: (1) earlier primaries for at least federal elections by several weeks or months), (2) a highly secretive LATFOR leadership team, especially as reflected by the Senate Majority side, which has consistently used the process to further its own political interests[2] (3) LATFOR's delayed implementation of the prisoner reallocation law, which, among

---

[2] LATFOR's partisan culture and operation, and its much-delayed implementation of the new prisoner allocation law are further described in an affidavit by Senator Dilan sworn to on December 28, 2011(ECF doc no. 46, opposing prior motion to dismiss). Although LATFOR had a legal duty under the prisoner reallocation law to reallocate prisoners to their home addresses for purposes of drawing district lines, Defendant Senator Michael F. Nozzolio,

other things, has prevented local governments from doing their own redistricting based on the new census data, and (4) a culture of partisanship in Albany so pronounced that Governor Andrew Cuomo has repeatedly warned – as recently as January 4 during in his State of the State message – that that he will veto lines that are drawn by LATFOR.[3] These circumstances, which Plaintiffs claim are actual and not speculative, collectively and individually warrant immediate intervention by the Court, and certainly withstand a motion to dismiss

## ARGUMENT

## PLAINTIFFS' COMPLAINT HAS PROPERLY ALLEGED AN IMPASSE, THUS THE COURT SHOULD DENY THE MOTION TO DISMISS

The Movants have failed to show that dismissal of this action now is the appropriate remedy. While Sampson and Dilan agree with the general proposition that courts should not unnecessarily interfere with a state's redistricting process, the Complaint's allegations, which must be taken as true for purposes of this motion, clearly allege that redistricting is at an impasse, and therefore make court intervention appropriate. When a complaint is challenged under Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction, as

---

who represents the Senate Majority on LATFOR, initially opted to ignore the new law and "run the clock," resulting in a near year-long delay. In fact, while Senator Nozzolio did nothing, several of his Senate colleagues went so far as to file a lawsuit challenging the constitutionality of the prisoner reallocation law. Many of those plaintiffs' districts, Senator Nozzolio included, coincided with the seven in the state that would not have met minimum population requirements when created in 2002 except for their strategic labeling of prisoners as residents. A state judge dismissed the case in its entirety last year and the Republican Senators are now pursuing an appeal. See Dilan Aff. ¶23; *Little et al. v. LATFOR et al.* (New York State Supreme Court, Albany County, Index No. 2310/2011, Devine, J.)

[3] Gov. Andrew M. Cuomo, "Building a *New* New York … with You: 2012 State of the State Address," January 4, 2012, at 28-29. Available at: http://www.governor.ny.gov/assets/documents/Building-a-New-New-York-Book.pdf

3

Movants have done here, or under Federal Rule of Civil Procedure 12(b)(6)[4] for failure to state a claim, a court must accept the factual allegations made in the complaint as true, drawing reasonable inferences in favor of the plaintiff, and thus against dismissal. *See Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003); *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2nd Cir 1991).

Simply put, the Movants fail to show why this Court should take the step of dismissing this action now, on a pre-answer motion to dismiss. In each of the cases cited by the Movants, cases had already been litigated on their merits before the courts dismissed them. *See, e.g., Chapman v. Meier*, 420 U.S. 1 (1975) (Supreme Court invalidated a district court-approved plan following "protracted litigation" that had contained a 20 percent population variance between the largest and smallest senate districts.); *Wise v. Lipscomb*, 437 U.S. 535 (1978) (dismissal for failure to state claim reversed and evidentiary hearings held on Dallas City Council-enacted apportionment scheme containing multi-member districts that Supreme Court ruled unconstitutional); *Compare Scott v. Germano* 381 U.S. 407 (1965) (federal court should have stayed case and retained jurisdiction only once state court had ruled on the pending reapportionment). Another case, *Longway v. Jefferson County Board of Supervisors*, 24 F. 3d 397 (2nd Cir. 1994), cited by Movants as an instance of dismissal for lack of ripeness, is similarly inapposite because the redistricting plan there was held not ripe because it had been defeated in a public referendum.

Over the past three redistricting cycles, no district court has dismissed a redistricting challenge brought against New York and in each instance the cases were adjudicated through hearings on the merits. *See, e.g., Rodriguez v. Pataki*, 308 F. Supp. 2d 346 (S.D.N.Y. 2004);

---

[4] Defendants Sampson and Dilan focus this opposition on the "non-substantive" aspects of the Movants' motions to dismiss, that is, under FRCP r. 12(b)(1), since 22 U.S.C.A. §2284(a) requires the motion to dismiss for failure to state claims to be heard by a three-judge panel.

4

*Puerto Rican Legal Defense and Education Fund v. Gantt (PRLDEF)*, 796 F.Supp. 681 (E.D.N.Y. 1992). This is the case regardless of when previous court actions have been filed or when courts actually took the step of appointing special masters. Moreover, the main litigation from the most recent redistricting cycle, *Rodriguez v. Pataki*, was filed on January 25, 2002, very close to the filing date of the present action. Thus, contrary to arguments by the Movants, this action has not been filed "ahead of schedule," but instead mirrors the timeline of the litigation of the previous redistricting cycle.

      This action is ripe and should be allowed to proceed. The numerous factors that Sampson and Dilan claimed have led to impasse – and also alleged in the complaint[5] – are not "speculative" or "some day" events, but are actual circumstances that have led to an impasse: 1) the primary election date's move to June or August; 2) disagreement in the Senate over the constitutional formula for determining the correct size of the Senate; 3) that LATFOR has fallen behind in its hearings schedule and its Co-Chairs have already made statements suggesting that it will not have the time to pass a congressional redistricting plan; 4) an especially partisan, secretive, and results-oriented LATFOR process; 5) the Governor's repeated pledge to veto LATFOR's lines. The unusually compressed timetable this year necessitates prompt court action. This is particularly so in view of the chronic lateness that has plagued the past three redistricting cycles and has caused disruptions to the election calendars.

---

[5] These factors are all alleged in the Complaint with the exception of the disagreement in the Senate over the constitutional formula for determining the correct size of the Senate, which at the time this action was filed was likely to have been considered a settled matter.

## CONCLUSION

For the foregoing reasons the motion to dismiss must be denied and this action should be allowed to proceed.

Dated: January 17, 2012

Respectfully submitted,

/s/Leonard M. Kohen
Leonard M. Kohen(LK3000)
67 e. 11th Street, #703
New York, NY 10003
Tel: (212) 254-8371
leonard.kohen@gmail.com

Jeffrey M. Wice
P.O. Box 42442
Washington, D.C. 20015
Tel (202)494-7991
wicenysenate@gmail.com

*Attorneys for Defendants,*
*John L. Sampson and Martin Malavé Dilan*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 17, 2011, a true and correct copy of the foregoing and, a true and correct copy of the Affidavit of Senator Martin Malave Dilan in Opposition to Motion to Dismiss, sworn to on January 17, 2011, were served on each of the following attorneys of record through the Court's CM/ECF system:

WILLKIE FARR & GALLAGHER LLP
*Attorneys for Plaintiffs*

Richard Mancino
Daniel M. Burstein
Jeffrey A. Williams
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
rmancino@willkie.com
dburstein@willkie.com
jwilliams@willkie.com


OFFICE OF THE ATTORNEY GENERAL
OF NEW YORK STATE
*Attorney for Defendant Andrew M. Cuomo,
Robert J. Duffy and Eric T. Schneiderman*

Joshua Benjamin Pepper
120 Broadway, 24th Floor
New York, NY 10271
212-416-8567
212-416-6075 (fax)
joshua.pepper@oag.state.ny.us

7

JONES DAY,
LEWIS & FIORE
*Attorneys for Defendants Dean G. Skelos,*
*Michael F. Nozzolio, Welquis R. Lopez*

Michael A. Carvin
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939
(202) 626-1700 (fax)
macarvin@jonesday.com

Todd R. Geremia
Jones Day
222 East 41st Street
New York, NY 10017
212-326-3429
212-755-7306 (fax)
trgeremia@jonesday.com

David L. Lewis
Lewis & Fiore
225 Broadway
Suite 3300
New York, NY 10007
(212)285-2290
(212) 964-4506 (fax)
dlewis@lewisandfiore.com

GRAUBARD MILLER
*Attorneys for Defendants Sheldon Silver,*
*John J. McEneny and Roman Hedges*

C. Daniel Chill
405 Lexington Avenue
New York, NY 10174
(212) 818-8800
(212) 818-8881 (fax)
dchill@graubard.com

8

COUCH WHITE, LLP
*Attorneys for Defendant Brian M. Kolb*

Harold D. Gordon
540 Broadway
P.O. Box 22222
Albany, NY 12201
(518) 426-4600
(518) 320-3496 (fax)
hgordon@couchwhite.com


SINNREICH & KOSAKOFF LLP
*Attorneys for Defendant Robert Oaks*

Timothy F. Hill
267 Carleton Avenue
Central Islip, NY 11722
(631) 650-1200
(631) 650-1207 (fax)
thill@skmlaw.net


/s/Leonard M. Kohen
Leonard M. Kohen