UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARK A. FAVORS, HOWARD LIEB, LILLIE H. GALAN, EDWARD A. MULRAINE, WARREN SHREIBER, and WEYMAN A. CAREY,

               Plaintiffs,

DONNA KAYE DRAYTON, EDWIN ELLIS, AIDA FORREST, GENE A. JOHNSON, JOY WOOLLEY, SHEILA WRIGHT, LINDA LEE, SHING CHOR CHUNG, JULIA YANG, JUNG HO HONG, JUAN RAMOS, NICK CHAVARRIA, GRACIELA HEYMANN, SANDRA MARTINEZ, EDWIN ROLDAN, and MANOLIN TIRADO,

               Intervenor Plaintiffs,

     -against-

ANDREW M. CUOMO, as Governor of the State of New York, ERIC T. SCHNEIDERMAN[1], as Attorney General of the State of New York, ROBERT J. DUFFY, as President of the Senate of the State of New York, DEAN G. SKELOS, as Majority Leader and President Pro Tempore of the Senate of the State of New York, SHELDON SILVER, as Speaker of the Assembly of the State of New York, JOHN L. SAMPSON, as Minority Leader of the Senate of the State of New York, BRIAN M. KOLB, as Minority Leader of the Assembly of the State of New York, the NEW YORK STATE LEGISLATIVE TASK FORCE ON DEMOGRAPHIC RESEARCH AND APPORTIONMENT ("LATFOR"), JOHN J. McENENY, as Member of LATFOR, ROBERT OAKS, as Member of LATFOR, ROMAN HEDGES, as Member of LATFOR, MICHAEL F. NOZZOLIO, as Member of LATFOR, MARTIN MALAVÉ DILAN, as Member of LATFOR, and WELQUIS R. LOPEZ, as Member of LATOR,

               Defendants.
-----------------------------------------------------------------x

**DISTRICT COURT'S REQUEST TO CHIEF JUDGE OF THE SECOND CIRCUIT COURT OF APPEALS FOR APPOINTMENT OF A THREE-JUDGE PANEL PURSUANT TO 28 U.S.C. §2284(b)**

DOCKET #11-cv-5632(DLI)(RLM)

---

[1] Defendant Eric T. Schneiderman and Counts V and VI were voluntarily dismissed from this case. *See* Docket Entries #40, 66 and this Court's January 10, 2012, and February 1, 2012 Electronic Orders, respectively.

1

**DORA L. IRIZARRY, United States District Judge:**

By complaint filed on November 17, 2011, plaintiffs seek the court's appointment of a Special Master to effectuate the independent redistricting of New York State's Senate, Assembly and congressional districts based upon standardized, fair criteria such as population equality, contiguity of districts, fair representation of minority groups, respect for political subdivisions (such as counties and towns), compactness of districts and preservation of communities of interest. *See* Compl. ¶¶ 2, 5.  The complaint, *inter alia*, alleges violations of Section 5 of the Voting Rights Act of 1965, 42 U.S.C. §1973, *et. seq.,* which includes defendants' non-compliance with New York's "Prisoner Reallocation Law" of 2010 (N.Y. Correction Law § 71 (8) (McKinney 2011)).

By letter dated December 2, 2011, plaintiffs requested that this court notify the Chief Judge of the Second Circuit Court of Appeals ("Chief Circuit Judge") that a three-judge court should be designated to hear this case, pursuant to 28 U.S.C. §2284(b). (Docket Entry #2)  By Electronic Order dated December 6, 2011, the court directed defendants to show cause at a hearing to be held on December 12, 2011, why the court should not make such a request of the Chief Circuit Judge and directed the Clerk of the Court to send a copy of said Electronic Order forthwith to the Chief Circuit Judge.[2]  By letters dated December 8 and 9, 2011 (*See* Docket Entries #9, 13, 16, and 20), the defendants did not oppose the convening of the three-judge panel. However, most of the defendants requested that the case not proceed pending this court's determination of the defendants' motions to dismiss the complaint, which were to be filed imminently.  Accordingly, by Electronic Order dated December 20, 2011, plaintiffs were directed to show cause no later than December 28, 2011 as to whether they objected to this court deciding the motions to dismiss before requesting that the Chief Circuit Judge appoint a three-

---

[2] By Docket Entry dated December 7, 2011, the Court Clerk verified the mailing of this Court's December 6th Electronic Order to the Chief Circuit Judge.

judge panel. By letter dated December 27, 2011, plaintiffs agreed that, as defendants' motions to dismiss only addressed the ripeness of the issues presented, this court's prompt consideration of the motions to dismiss prior to the convening of the three-judge panel would further expedite the resolution of this dispute. (*See,* Docket Entry #36, 70).[3] As of February 3, 2012, all motions to dismiss are fully briefed,[4] and are *sub judice*.

While it was the original intention of this court to proceed to decide the motions to dismiss *before* requesting that the Chief Circuit Judge appoint a three-judge panel, certain recent events have made it necessary, in this court's view, to make the request now.

As the Court may be aware, on January 27, 2012, the Hon. Gary L. Sharpe, Chief Judge of the United States District Court for the Northern District of New York, issued a decision in the case of *United States of America v. State of New York, et. al.*, 10-cv-1214, which, *inter alia,* set June 26, 2012 as the date for New York's congressional primary election, in order for New York to comply with the Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA) of 1986, 42 U.S.C. §§1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment (MOVE) Act, Pub. L. No. 111-84, subtitle H, §§575-589, 123 Stat. 2190, 2318-2335 (2009) ("the NDNY case"). By letter dated January 30, 2012, plaintiffs assert that this is the earliest primary election date contemplated by the parties to the instant action and it requires the candidate petitioning period to begin on March 20, 2012. (Docket Entry #65) Defendants Skelos, Silver, McEneny, Hedges, Nozzolio, and Lopez disagree contending that Judge Sharpe has no jurisdiction over New York's primaries for the State Assembly and Senate; any court intervention in ongoing state legislative redistricting efforts would be premature since the

---

[3] Defendant Kolb had moved to dismiss on substantive constitutional grounds of equal protection and due process, as well as procedural issues of ripeness, but subsequently withdrew the constitutional claims, without prejudice, upon objection by plaintiffs. (*See* Docket Entries #62, 69)
[4] Defendants Cuomo and Duffy have not filed a motion to dismiss, nor have they joined in any of the other defendants' motions to dismiss. Instead, they have chosen to interpose an answer once the motions to dismiss are decided. (*See* Docket Entry #47).

3

September state primaries are still months away; and, even under federal law and as Judge Sharpe's decision recognizes, the states may set their own congressional primary dates so long as they are no less than 80 days before the general election, *i.e.,* by August 18th. Defendants contend there is still ample time for either the New York State legislature or a special master to draw up a redistricting plan.

Subsequently, however, by Order dated February 9, 2012 in the NDNY case, Judge Sharpe formally ordered that the candidate petitioning period for New York's congressional primary elections begin on March 20, 2012. Judge Sharpe expressly adopted a political calendar that he attached to his opinion. *See, United States of America v. State of New York, et. al.*, 10-cv-1214, ECF Docket Entry #64 (Feb. 9, 2012). As plaintiffs note in their February 10, 2012 letter to the undersigned, no congressional lines have been proposed through New York's legislative process much less adopted even though the petitioning period is less than six weeks away. (Docket Entry #72). In their various submissions, plaintiffs have pointed to the uncertainty of candidates as to the boundaries of the districts they will be raising funds and campaigning in and to the fact that, pursuant to the 2010 Census, New York is entitled to two *less* representatives in the House of Representatives (27) than the number assessed pursuant to the 2000 Census (29) and yet congressional districts have not been drawn, despite the impact that Judge Sharpe's decision will have on federal elections. Paragraphs 4 and 5 of the "TABLE OF POLITICAL CALENDAR EVENTS ADJUSTED TO COMPLY WITH COURT ORDER IMPLEMENTING THE MOVE ACT", attached to Judge Sharpe's February 9th decision, punctuate the urgency of the current state of inaction in the New York State Legislature concerning redistricting:

> The issue of redistricting all state and federal district lines is *not addressed by this calendar*; however, the calendar would be *negatively impacted* by a failure to complete redistricting necessary for ballot access to occur.
>
> This proposed calendar, once adopted, requires DOJ Section 5 pre-clearance which may also impact implementation.

4

(emphasis added).

Notably, defendants, in their motions to dismiss, simply rely on the history of past redistricting legislation that was passed and signed into law at the eleventh hour for support of their position that the appointment of a three-judge panel is premature at this point. They point to no affirmative steps being taken by the New York State Legislature at this time or that will be taken in the near future to pass redistricting legislation that will comply with both the New York State and United States Constitutions and New York and Federal statutes governing these issues. Notably, as plaintiffs point out in their motion opposition papers, in 1992 and 2002, the New York State Legislature acted only after there was judicial intervention. *See Diaz v. Silver*, 978 F. Supp. 96, 99 (E.D.N.Y. 1997); *Puerto Rican Legal Def. & Educ. Fund, Inc. v. Gantt*, 796 F. Supp. 681, 684-86 (E.D.N.Y. 1992); *Rodriguez v. Pataki*, 308 F. Supp. 2d 346, 355-58 (S.D.N.Y. 2004).

**Wherefore,** for the reasons set forth above, it is hereby respectfully requested by this court, that the Chief Judge of the Second Circuit Court of Appeals appoint a three-judge panel to preside over the substantive claims presented by this action and appoint a Special Master to oversee and draw up a redistricting plan that is in compliance with federal and state constitutional and statutory law.[5]

This court is available at any time to address any inquiries the Chief Circuit Judge may have concerning this matter.

RESPECTFULLY SUBMITTED THIS:

13th day of February, 2012
Brooklyn, New York

                                                                        _____/s/_____
                                                                             DORA L. IRIZARRY
                                                                    United States District Judge

---

[5] It is the intention of this court to proceed with review of the motions to dismiss and resolve them in the interim. The court is mindful that the three-judge panel may, at any time, review its subject matter jurisdiction.