

**Couch White, LLP**
540 Broadway
P.O. Box 22222
Albany, New York 12201-2222
(518) 426-4600

Kevin M. Lang
Partner

Direct Dial:   (518) 320-3421
Telecopier:  (518) 426-0376
email: klang@couchwhite.com

February 29, 2012

Hon. Roanne L. Mann
United States District Court Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: Favors, *et al.* v. Cuomo, *et al.*
     1:11-cv-05632-DLI-RLM

Dear Magistrate Judge Mann:

  On behalf of Defendant Brian M. Kolb, Minority Leader of the Assembly of the State of New York ("Minority Leader Kolb"), and in accordance with the Court's February 28, 2012 Order, we respectfully submit the enclosed Redistricting Plan for the Court's review and adoption.

  The Redistricting Plan was prepared in accordance with the guidelines set forth in the Three-Judge Panel's Order of Referral to Magistrate Judge, dated February 28, 2012, as follows.

**1. The Redistricting Map divides the State into 27 Congressional Districts in accordance with the 2010 federal Census and applicable law.**

  Minority Leader Kolb's Redistricting Plan separates the State into 27 Congressional Districts. The supporting documentation provides geographical summaries and racial compositions for each district. This Plan was developed using the 2010 Census data, and information collected and compiled by the New York State Legislative Task Force on Demographic Research and Reapportionment ("LATFOR").

**2. Districts are substantially equal in population.**

  Minority Leader Kolb's Redistricting Plan fully comports with the "one-person, one-vote" rule by providing a population deviation of *only 1 person*. That is, 14 districts contain populations of 717,707, and the remaining 13 districts have populations of 717,708. Thus, the attached Plan achieves not just substantial equality, but virtual exactitude.

Hon. Roanne L. Mann
February 29, 2012
Page 2

3. **Districts are compact, contiguous, respect political subdivisions, and preserve communities of interest.**

Minority Leader Kolb's Redistricting Plan creates upstate districts that are more compact than the existing Congressional districts. To the extent possible, the proposed districts avoid strained and contorted district lines, and they unite communities of interest as much as possible. Further, as can be readily seen from the Plan, all of the districts are contiguous.

This Plan is also responsive to the comments and concerns raised by the public. Staff members of the Assembly Minority Conference personally attended each of LATFOR's public hearings. As appropriate, they incorporated the comments made at those hearings in the formulation of the districts (transcripts from the public hearings are available on LATFOR's web site). For example, upstate citizens urged the creation of districts that reflect upstate regional cohesiveness. Accordingly, Minority Leader Kolb's Redistricting Plan creates separate Rochester-centered, and Buffalo-centered, districts. "North Country" and "Southern Tier" districts are also created to unite rural areas. Where possible, district lines do not divide counties or cities, and they respect local communities and political subdivisions.

Downstate districts were drawn with the same considerations of compactness and community interest in mind. Where compactness was compromised, it was done so to further racial equality and fairness, in compliance with the Voting Rights Act and to ensure that communities of interest are not disenfranchised. For example, proposed Congressional District 4 consists of the northwestern section of Nassau County along with northeastern part of Queens that has a large Asian population. That district was designed to maximize the influence of that community in selecting its Congressional representative.

4. **The Redistricting Plan complies with 42 U.S.C. §1973(b) and other provisions of the Voting Rights Act.**

The Voting Rights Act requires that minority districts be drawn with at least 50% minority voting-age population. Minority Leader Kolb's Redistricting Plan contains one majority Latino district, three majority African-American districts, and five minority coalition districts (districts comprised of two or more minority groups). This allocation is the same as the composition of the current 29 districts. Thus, from a proportional perspective, the number of minority districts compared to the total number of districts will increase under Minority Leader Kolb's Plan.

Hon. Roanne L. Mann
February 29, 2012
Page 3

      The number of districts in which minority populations represent the majority is fair and appropriate. According to the 2010 Census, the population distribution in New York was approximately 15.9% Black, 7.3% Asian, and 17.6% Hispanic (the Census data indicates that persons of Hispanic origin may be of multiple races and included in the percentages shown for other races). Thus, these groups comprise less than 40% of the State's population. Under Minority Leader Kolb's Redistricting Plan, these groups would constitute the majority in 33% of the State's Congressional districts. In other words, the Minority Leader's Redistricting Plan would give these groups a level of influence roughly commensurate with their proportionate share of the State's population.

**5.    The Magistrate may consider other factors which are reasonable and comport with the Constitution and applicable federal and state law.**

Recognition of Incumbency

      Minority Leader Kolb shares the view expressed by other parties during the February 27 conference before the Court that incumbency is an important consideration in developing new Congressional districts. There can be no legitimate dispute that seniority is an important factor within Congress, and that senior members of the House wield substantial influence. New York has many such House members, and the benefits that inure to this State as a result are substantial. The importance of incumbency was recognized by the Court in *Diaz v. Silver*, 978 F. Supp. 96, 123 (E.D.N.Y. 1997) (noting the "quite legitimate concern[] about the ability of representatives to maintain relationships they had already developed with their constituents…[and] the powerful role that seniority plays in the functioning of Congress…"). Therefore, it would be detrimental to the State for new districts to be drawn in a manner that completely ignores incumbency considerations and raises the spectre that many or all of our senior House members could be displaced.

      Minority Leader Kolb is not suggesting that the districts be drawn to ensure that incumbents keep their seats. Indeed, with the loss of two seats, doing so would be impossible, and three of the new districts include two incumbents. However, inasmuch as redistricting is a political exercise, it is appropriate to consider allowing existing members to be able to continue to represent the people who have placed such members in office, perhaps for many years. Put another way, if the will of the people has been to have a certain individual represent them, and every two years those people reaffirm that decision by re-electing that individual, the Court should not supplant its judgment for theirs and disenfranchise them by constructing a district that essentially would ensure the individual can no longer be elected.

With respect to the three districts which contain two incumbents, the composition of the districts is appropriate because of the specific characteristics and circumstances of those districts. For example, in District 4, two incumbents live in the same Town. In District 25, the two incumbents live relatively close to each other, although not in the same municipality. Districts 4 and 7 were drawn to more closely reflect Census data and increase the minority percentages in those districts. Finally District 25 reflects the loss of population in Western New York and the application of the criteria of compactness.

We thank the Court for its consideration of Minority Leader Kolb's Redistricting Plan.

Respectfully submitted,

COUCH WHITE, LLP

Kevin M. Lang
(KL6431)

Enclosures
cc:     All Counsel (via ECF)