UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARK A. FAVORS et al.,                                             Case No. 11 Civ. 5632 (DLI) (RR) (GEL)

          Plaintiffs,

                                                        **ANSWER**

    v.

ANDREW M. CUOMO et al.,

          Defendants.

-----------------------------------------------------------X

       Defendants Senate Minority Leader John L. Sampson and Senator Martin Malavé Dilan, by and through their attorneys, Cuti Hecker Wang LLP and Jeffrey M. Wice, for their Answer to the Complaint, allege as follows:

       1.       Defendants admit that over the past several decades, New York's process of redistricting its State Senate, Assembly, and congressional districts often has been based to an inappropriate degree on partisan considerations and that many New Yorkers have been denied a meaningful opportunity to select their own leaders as alleged in Paragraph 1 of the Complaint.

       2.       Defendants admit the allegations in Paragraph 2 of the Complaint.

       3.       Defendants admit the allegations in Paragraph 3 of the Complaint.

       4.       Defendants admit that the Governor has promised to veto any redistricting plan that is not the result of an independent process, and that no such independent process appears to be underway.

       5.       Paragraph 5 of the Complaint does not set forth factual allegations to which a response is warranted.

       6.       Paragraph 6 of the Complaint has subsequently been withdrawn by plaintiffs.

7. Paragraph 7 of the Complaint has subsequently been withdrawn by plaintiffs.

8. Paragraph 8 of the Complaint has subsequently been withdrawn by plaintiffs.

9. Paragraph 9 of the Complaint has subsequently been withdrawn by plaintiffs.

10. Paragraph 10 of the Complaint has subsequently been withdrawn by plaintiffs.

11. Paragraph 11 of the Complaint has subsequently been withdrawn by plaintiffs.

12. Paragraph 12 of the Complaint has subsequently been withdrawn by plaintiffs.

13. Defendants admit that New York's failure to enact a lawful redistricting plan requires the Court's prompt attention as alleged in Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Defendants admit the allegations in Paragraph 21 of the Complaint.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Complaint.

25. Defendants admit the allegations in Paragraph 25 of the Complaint.

26. Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants admit the allegations in Paragraph 27 of the Complaint.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint sets forth purported legal conclusions to which no response is warranted.

30. Paragraph 30 of the Complaint sets forth purported legal conclusions to which no response is warranted.

31. Paragraph 31 of the Complaint sets forth purported legal conclusions to which no response is warranted.

32. Paragraph 32 of the Complaint sets forth purported legal conclusions to which no response is warranted.

33. Paragraph 33 of the Complaint sets forth purported legal conclusions to which no response is warranted.

34. Paragraph 34 of the Complaint sets forth purported legal conclusions to which no response is warranted.

35. Defendants admit the allegations in Paragraph 35 of the Complaint.

36. Defendants admit the allegations in Paragraph 36 of the Complaint.

37. Defendants admit the allegations in Paragraph 37 of the Complaint.

38. Defendants admit the allegations in Paragraph 38 of the Complaint.

39. Defendants admit the allegations in Paragraph 39 of the Complaint.

40. Defendants admit the allegations in Paragraph 40 of the Complaint.

41. Defendants admit that the current process for drawing district lines in New York State has been widely criticized as being unduly partisan as alleged in Paragraph 41 of the Complaint.

42. Defendants admit that technological advances in redistricting technology better enable legislators to manipulate district lines to serve partisan goals as alleged in Paragraph 42 of the Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44. Defendants admit the allegations in Paragraph 44 of the Complaint.

45. Defendants admit the allegations in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint sets forth a purported legal conclusion to which no response is warranted.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint sets forth a purported legal conclusion to which no response is warranted.

50. Paragraph 50 of the Complaint sets forth a purported legal conclusion to which no response is warranted.

51. Paragraph 51 of the Complaint sets forth a purported legal conclusion to which no response is warranted.

52. Paragraph 52 of the Complaint sets forth a purported legal conclusion to which no response is warranted.

53. Paragraph 53 of the Complaint sets forth a purported legal conclusion to which no response is warranted.

54. Paragraph 54 of the Complaint sets forth a purported legal conclusion to which no response is warranted.

55. Defendants admit that the principles of population equality, contiguity, fair representation of minority groups, respect for political subdivisions, compactness, and preservation of communities of interest are important redistricting criteria as alleged in Paragraph 55 of the Complaint.

56. Defendants admit the allegations in Paragraph 56 of the Complaint.

57. Defendants admit the allegations in Paragraph 57 of the Complaint.

58. Defendants admit that New York has not adopted an independent redistricting approach as alleged in Paragraph 58 of the Complaint.

59. Defendants admit the allegations in Paragraph 59 of the Complaint.

60. Defendants admit the allegations in Paragraph 60 of the Complaint.

61. Defendants admit the allegations in Paragraph 61 of the Complaint.

62. Defendants admit the allegations in Paragraph 62 of the Complaint.

63. Defendants admit the allegations in Paragraph 63 of the Complaint.

64. Defendants admit the allegations in Paragraph 64 of the Complaint.

65. Defendants admit the allegations in Paragraph 65 of the Complaint.

66. Defendants admit the allegations in Paragraph 66 of the Complaint.

67. Defendants admit the allegations in Paragraph 67 of the Complaint.

68. Defendants admit the allegations in Paragraph 68 of the Complaint.

69. Defendants admit the allegations in Paragraph 69 of the Complaint.

70. Defendants admit the allegations in Paragraph 70 of the Complaint.

71. Defendants admit the allegations in Paragraph 71 of the Complaint.

72. Defendants admit the allegations in Paragraph 72 of the Complaint.

73. Defendants admit the allegations in Paragraph 73 of the Complaint.

74. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

75. Defendants admit that the legislature has not passed a plan that would provide for independent redistricting, and deny that no body with the force of law has initiated such an independent effort, in light of the proceedings in this Court.

76. Defendants deny that the only redistricting process underway is being conducted by LATFOR, admit that Governor Cuomo has stated that LATFOR lacks independence and that he will veto any redistricting plan drawn up by LATFOR, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 of the Complaint.

77. Defendants admit the allegations in Paragraph 77 of the Complaint.

78. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint except that they admit that the Congressional primary has been moved to June, pursuant to court order.

79. Paragraph 79 of the Complaint sets forth a purported legal conclusion to which no response is warranted.

80. Defendants admit the allegations in Paragraph 80 of the Complaint.

81. Defendants admit that in practice, prospective candidates for public office begin building support and raising and spending money long before the nominating and petitioning period begins. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 of the Complaint.

82. Defendants admit that politically active citizens typically begin the process of determining which candidates to support and endorse well in advance of the state primary. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 of the Complaint.

83. Defendants admit that time is running out for the redistricting process to conclude in a manner that does not significantly interfere with the electoral process and aver that the remaining allegations in Paragraph 83 of the Complaint are moot.

84. Defendants admit that now is the time for the Court's intervention and aver that the remaining allegations in Paragraph 84 of the Complaint are moot.

85. Paragraph 85 of the Complaint has subsequently been withdrawn by plaintiffs.

86. Paragraph 86 of the Complaint has subsequently been withdrawn by plaintiffs.

87. Paragraph 87 of the Complaint has subsequently been withdrawn by plaintiffs.

88. Paragraph 88 of the Complaint has subsequently been withdrawn by plaintiffs.

89. Paragraph 89 of the Complaint has subsequently been withdrawn by plaintiffs.

90. Paragraph 90 of the Complaint has subsequently been withdrawn by plaintiffs.

91. Paragraph 91 of the Complaint has subsequently been withdrawn by plaintiffs.

92. Paragraph 92 of the Complaint has subsequently been withdrawn by plaintiffs.

93. Paragraph 93 of the Complaint has subsequently been withdrawn by plaintiffs.

94. Paragraph 94 of the Complaint has subsequently been withdrawn by plaintiffs.

95. Paragraph 95 of the Complaint has subsequently been withdrawn by plaintiffs.

96. Paragraph 96 of the Complaint has subsequently been withdrawn by plaintiffs.

97. Paragraph 97 of the Complaint has subsequently been withdrawn by plaintiffs.

98. Paragraph 98 of the Complaint has subsequently been withdrawn by plaintiffs.

99. Paragraph 99 of the Complaint has subsequently been withdrawn by plaintiffs.

100. Paragraph 100 of the Complaint has subsequently been withdrawn by plaintiffs.

101. Paragraph 101 of the Complaint has subsequently been withdrawn by plaintiffs.

102. Paragraph 102 of the Complaint has subsequently been withdrawn by plaintiffs.

103. Paragraph 103 of the Complaint has subsequently been withdrawn by plaintiffs.

104. Paragraph 104 of the Complaint has subsequently been withdrawn by plaintiffs.

105. Paragraph 105 of the Complaint has subsequently been withdrawn by plaintiffs.

106. Defendants repeat and reallege the above Paragraphs in this Answer as if fully set forth herein.

107. Defendants admit the allegations in Paragraph 107 of the Complaint.

108. Defendants admit the allegations in Paragraph 108 of the Complaint.

109. Defendants admit the allegations in Paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint has subsequently been withdrawn by plaintiffs.

111. Defendants admit the allegations in Paragraph 111 of the Complaint.

112. Defendants admit the allegations in Paragraph 112 of the Complaint.

113. Defendants admit the allegations in Paragraph 113 of the Complaint.

114. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that the "legislative redistricting process is hopelessly stalled." Defendants admit that the ability to timely complete the redistricting process is at risk.

115. Defendants admit the allegations in Paragraph 115 of the Complaint.

116. Defendants admit the allegations in Paragraph 116 of the Complaint.

117. Defendants admit that the Special Master appointed by the Court should be entirely independent of partisan interests and that the Special Master should be provided with instructions regarding appropriate redistricting criteria.

118. Defendants admit the allegations in Paragraph 118 of the Complaint.

119. Defendants repeat and reallege the above Paragraphs in this Answer as if fully set forth herein.

120. Defendants admit the allegations in Paragraph 120 of the Complaint.

121. Paragraph 121 of the Complaint has subsequently been withdrawn by plaintiffs.

122. Defendants admit the allegations in Paragraph 122 of the Complaint.

123. Defendants admit the allegations in Paragraph 123 of the Complaint.

124. Defendants admit the allegations in Paragraph 124 of the Complaint.

125. Defendants admit that the Special Master appointed by the Court should be entirely independent of partisan interests and that the Special Master should be provided with instructions regarding appropriate redistricting criteria.

126. Defendants admit the allegations in Paragraph 126 of the Complaint.

127. Defendants repeat and reallege the above Paragraphs in this Answer as if fully set forth herein.

128. Defendants admit the allegations in Paragraph 128 of the Complaint.

129. Defendants admit the allegations in Paragraph 129 of the Complaint.

130. Defendants admit the allegations in Paragraph 130 of the Complaint.

131. Defendants admit the allegations in Paragraph 131 of the Complaint.

132. Defendants admit the allegations in Paragraph 132 of the Complaint.

133. Defendants admit that the Special Master appointed by the Court should be entirely independent of partisan interests and that the Special Master should be provided with instructions regarding appropriate redistricting criteria.

134. Defendants admit the allegations in Paragraph 134 of the Complaint.

135. Defendants repeat and reallege the above Paragraphs in this Answer as if fully set forth herein.

136. Defendants admit the allegations in Paragraph 136 of the Complaint.

137. Defendants admit the allegations in Paragraph 137 of the Complaint.

138. Defendants admit the allegations in Paragraph 138 of the Complaint.

139. Defendants admit the allegations in Paragraph 139 of the Complaint.

140. Defendants admit the allegations in Paragraph 140 of the Complaint.

141. Defendants admit that the Special Master appointed by the Court should be entirely independent of partisan interests and that the Special Master should be provided with instructions regarding appropriate redistricting criteria, including that the Senate plan should have 62 districts.

142. Defendants admit the allegations in Paragraph 142 of the Complaint.

143. Paragraph 143 of the Complaint has subsequently been withdrawn by plaintiffs.

144. Paragraph 144 of the Complaint has subsequently been withdrawn by plaintiffs.

145. Paragraph 145 of the Complaint has subsequently been withdrawn by plaintiffs.

146. Paragraph 146 of the Complaint has subsequently been withdrawn by plaintiffs.

147. Paragraph 147 of the Complaint has subsequently been withdrawn by plaintiffs.

148. Paragraph 148 of the Complaint has subsequently been withdrawn by plaintiffs.

149. Paragraph 149 of the Complaint has subsequently been withdrawn by plaintiffs.

150. Paragraph 150 of the Complaint has subsequently been withdrawn by plaintiffs.

151. Paragraph 151 of the Complaint has subsequently been withdrawn by plaintiffs.

152. Paragraph 152 of the Complaint has subsequently been withdrawn by plaintiffs.

153. Paragraph 153 of the Complaint has subsequently been withdrawn by plaintiffs.

154. Paragraph 154 of the Complaint has subsequently been withdrawn by

plaintiffs.

155. Paragraph 155 of the Complaint has subsequently been withdrawn by plaintiffs.

156. Defendants repeat and reallege the above Paragraphs in this Answer as if fully set forth herein.

157. Defendants admit that, as a result of the legislature's inaction, legislative districts in New York remain malapportioned. The remaining allegations in Paragraph 157 of the Complaint set forth purported legal conclusions to which no response is warranted.

158. Paragraph 158 of the Complaint sets forth purported legal conclusions to which no response is warranted.

159. Pursuant to the Court's instruction, Defendants generally deny all of the allegations made by the Intervenors.

Dated: New York, New York
March 7, 2012

> By: /s/ Eric Hecker
> Eric Hecker
> John R. Cuti
> Alexander Goldenberg
> Julie B. Ehrlich
>
> CUTI HECKER WANG LLP
> 305 Broadway, Suite 607
> New York, New York 10007
> (212) 620-2600
>
> Jeffrey M. Wice
> P.O. Box 42442
> Washington, D.C. 20015
> (202) 494-7991
>
> *Attorneys for Defendants Senate Minority Leader*
> *John L. Sampson and Senator Martin Malavé Dilan*