UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
MARK A. FAVORS, et al.,
:
    Plaintiffs,
:        **ANSWER TO PLAINTIFF'S**
    - against -                         **COMPLAINT**
:
ANDREW M. CUOMO, as Governor of the        1:11-cv-05632-DLI-RLM
State of New York, et al.,
:
    Defendants.
:
------------------------------------------------------------x

Defendant BRIAN M. KOLB, Minority Leader of the New York State Assembly ("Defendant Kolb"), by and through his attorneys, Couch White, LLP, as and for his Answer to the Complaint of the Plaintiffs, MARK A. FAVORS, HOWARD LIEB, LILLIE H. GALAN, EDWARD A. MULRAINE, WARREN SCHREIBER, and WEYMAN A. CAREY ("Plaintiffs"), herein states as follows:

    1.    Denies the allegations contained in the paragraphs numbered "1", "3", "6", "8", "9", "13", "32", "41", "42", "43", "44", "45", "48", "58", "70", "74", "79", "83", "84", "90", "91", "92", "93", "95", "97", "105", "108", "114", "115", "116", "118", "121", "122", "123", "124", "126", "131", "132", "134", "139", "140", "142", "157", and "158" of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "2", "11", "14", "15", "16", "17", "18", "19", "56", "57", "62", "69", "71", "72", "73", "81", "82", "88", "103, "104", "120", "129", and "137" of the Complaint.

3. Denies the allegations contained in the paragraph numbered "4" of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations regarding promises made by the Governor.

4. Denies the allegations contained in the paragraphs numbered "5", "12", "46", "47", "49", "54", "98", and "100" of the Complaint and refers all issues of law to the Court.

5. Admits the allegations contained in the paragraphs numbered "7", "20", "21", "22", "23", "24", "25", "26", "28", "37", "38", "65", "78", "113", "130", and "138" of the Complaint.

6. Admits the allegations contained in the paragraph numbered "10" of the Complaint, but denies that Court-supervised redistricting or the appointment of a Special Master is appropriate or necessary.

7. Admits that LATFOR is the New York State Legislative Task Force on Demographic Research and Reapportionment, refers to Legislative Law § 83-M for a complete statement of LATFOR's duties and responsibilities, and denies the remainder of the allegations contained in the paragraph numbered "27" of the Complaint.

8. Admits that this Court has jurisdiction over federal constitutional claims, refers to 28 U.S.C §§ 1331, 1343, and 1983 for complete statements of their terms, and denies the remainder of the allegations contained in the paragraph numbered "29" of the Complaint.

9. Admits that this Court has jurisdiction over Voting Rights Act claims, refers to 42 U.S.C § 1973j(f) for a complete statement of its terms, and denies the remainder of the allegations contained in the paragraph numbered "30" of the Complaint.

10. Denies the allegations contained in the paragraph numbered "31" of the Complaint and refers to 28 U.S.C. § 2201 for a complete statement of its terms.

11. Denies the allegations contained in the paragraph numbered "32" of the Complaint and refers to 28 U.S.C. § 1367 for a complete statement of its terms.

12. Denies the allegations contained in the paragraph numbered "33" of the Complaint and refers to 28 U.S.C. § 1391(b) for a complete statement of its terms..

13. Denies the allegations contained in the paragraph numbered "34" of the Complaint and refers to 28 U.S.C. § 2284 for a complete statement of its terms.

14. Denies the allegations contained in the paragraph numbered "35" of the Complaint and refers to Article III, Sections 4 and 5 of the New York State Constitution for complete statements of their terms.

15. Denies the allegations contained in the paragraph numbered "36" of the Complaint and refers to the United States Constitution for a complete statement of its terms.

16. Admits that one of LATFOR's responsibilities is to prepare redistricting maps for the New York State Legislature, refers to Legislative Law § 83-M for a complete statement of LATFOR's duties and responsibilities, and denies the remainder of the allegations contained in the paragraph numbered "39" of the Complaint.

17. Denies the allegations contained in the paragraph numbered "40" of the Complaint and refers to the Voting Rights Act and other applicable laws for complete statements of their terms, except admits that Bronx, Kings, and New York Counties are subject to the pre-clearance provisions of the Voting Rights Act.

18. Denies the allegations contained in the paragraphs numbered "50", "52", and "53" of the Complaint, refers to the New York State Constitution for a complete statement of its terms, and refers all issues of law to the Court.

19. Denies the allegations contained in the paragraphs numbered "51" and "101" of the Complaint, refers to the Voting Rights Act for a complete statement of its terms, and refers all issues of law to the Court.

20. Admits the allegations contained in the paragraphs numbered "55" and "59" of the Complaint, but refers all issues of law to the Court.

21. Denies the allegations contained in the paragraph numbered "60" of the Complaint, refers to Article II, Sections 4 and 5 of the New York State Constitution for a complete statement of its terms, and refers all issues of law to the Court.

22. Denies the allegations contained in the paragraph numbered "61" of the Complaint, except admits that the 2010 Census requires redistricting.

23. Denies the allegations contained in the paragraphs numbered "63" and "68" of the Complaint except admits that the New York State Legislature has not enacted legislation to adopt new district lines.

24. Denies the allegations contained in the paragraph numbered "64" of the Complaint and refers to Article I, Section 2 of the United States Constitution for a complete statement of its terms.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "66" of the Complaint, except admits that the existing districts in New York provide two more seats in the House of Representatives than the number supported by the 2010 Census, and refers all issues of law to the Court.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "67", "107", and "109" of the Complaint and refers all issues of law to the Court.

27. Denies the allegations contained in the paragraph numbered "75" of the Complaint, except admits that the New York State Legislature has not enacted legislation to adopt new district lines, and refers all issues of law to the Court.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "76" of the Complaint, except admits that the LATFOR is currently conducting the redistricting process.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "77" of the Complaint, refers to the Military and Overseas Voter Empowerment Act for a complete statement of its terms, and refers all issues of law to the Court.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "80" of the Complaint, except admits that in advance of the nominating and petitioning period, prospective legislative candidates must determine whether they will run for office.

31. Admits that Part XX of Chapter 57 of the Laws of 2010 of New York was enacted in 2010, refers to that statute for a complete statement of its terms, and denies the remainder of the allegations contained in the paragraphs numbered "85", "86", "87", and "89" of the Complaint.

32. Denies the allegations contained in the paragraph numbered "89" of the Complaint and refers to Part XX of Chapter 57 of the Laws of 2010 of New York and Legislative Law § 83-M for complete statements of their terms.

33. Denies the allegations contained in the paragraph numbered "94" of the Complaint and refers to Legislative Law § 83-M for a complete statement of LATFOR's duties and responsibilities.

34. Denies the allegations contained in the paragraph numbered "96" of the Complaint, except admits that hearings have been held by LATFOR.

35. Denies the allegations contained in the paragraph numbered "102" of the Complaint, refers to Part XX of Chapter 57 of the Laws of 2010 of New York for a complete statement of its terms, and refers all issues of law to the Court.

36. With respect to the allegations in the paragraph numbered "106" of the Complaint, repeats and realleges the prior responses to the allegations set forth in the paragraphs of the Complaint numbered "1" through "105."

37. Denies the allegations contained in the paragraphs numbered "110" and "111" of the Complaint, except admits that LATFOR is required to comply with Part XX of Chapter 57 of the Laws of 2010 of New York and Legislative Law § 83-M, and refers all issues of law to the Court.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "112" of the Complaint, except denies that Plaintiffs have sustained any harm, further denies that LATFOR failed to comply with Part XX of Chapter 57 of the Laws of 2010 of New York, and refers all issues of law to the Court.

39. Denies the allegations contained in the paragraphs numbered "117", "125", "133", and "141" of the Complaint, except admits that any redistricting conducted by the Court should comply with all federal and state constitutional requirements, the Voting Rights Act, and other relevant provisions of law, and adhere to the principles espoused by the United States

Supreme Court, such as in *Perry v. Perez,* 565 U.S. ___, (2012) regarding reflecting State policy judgments.

      40. With respect to the allegations in the paragraph numbered "119" of the Complaint, repeats and realleges the prior responses to the allegations set forth in the paragraphs of the Complaint numbered "1" through "118."

      41. With respect to the allegations in the paragraph numbered "127" of the Complaint, repeats and realleges the prior responses to the allegations set forth in the paragraphs of the Complaint numbered "1" through "126."

      42. Denies the allegations contained in the paragraph numbered "128" of the Complaint, except admits that New York presently has two too many congressional districts, refers to Article I, Section 2 of the United States Constitution for a complete statement of its terms, and refers all issues of law to the Court.

      43. With respect to the allegations in the paragraph numbered "135" of the Complaint, repeats and realleges the prior responses to the allegations set forth in the paragraphs of the Complaint numbered "1" through "134."

      44. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "136" of the Complaint, refers to Article III, Sections 4 and 5 of the New York State Constitution for complete statements of their terms, and refers all issues of law to the Court.

      45. Count V of the Complaint, encompassing paragraphs numbered "143" through and including "149," was voluntarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a) by Plaintiffs' Amended Notice of Voluntary Dismissal dated January 30, 2012 (Dkt. 66).

To the extent that any allegations of paragraphs numbered "143" through "149" require a response, such allegations are denied.

46. Count VI of the Complaint, encompassing paragraphs numbered "150" through and including "155," was voluntarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a) by Plaintiffs' Amended Notice of Voluntary Dismissal dated January 30, 2012 (Dkt. 66). To the extent that any allegations of paragraphs numbered "143" through "149" require a response, such allegations are denied.

47. With respect to the allegations in the paragraph numbered "156" of the Complaint, repeats and realleges the prior responses to the allegations set forth in the paragraphs of the Complaint numbered "1" through "155."

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

48. None of the Plaintiffs have suffered an injury in fact.

49. By virtue of the foregoing, Plaintiffs lack standing to maintain this proceeding.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50. Defendant LATFOR's reapportionment plan is still being developed and is not yet finalized.

51. Therefore, there is no "case or controversy" for the Court to decide, and Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction under Federal Rules of Civil Procedure ("FRCP") 12(b)(1).

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. Plaintiffs' Complaint fails to state any claim upon which relief may be granted.

53. Plaintiffs' claims should therefore be dismissed under FRCP 12(b)(6).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

54. To state a claim under the Equal Protection Clause, Plaintiffs were required to sufficiently allege two essential elements: (1) they were treated differently than others similarly situated; and (2) this differential treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.

55. Plaintiffs' Complaint does not allege that LATFOR's process is tainted with discriminatory intent, or that Plaintiffs have been treated differently than any other voters in their respective communities.

56. Moreover, as stated above, LATFOR has not completed its work, and there is no final reapportionment plan for New York.

57. For these reasons, Plaintiffs have failed to state a claim of a violation of the Equal Protection Clause, and such claim should therefore be dismissed under FRCP 12(b)(6).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. Plaintiffs' Complaint raises a political question which this Court should abstain from deciding.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59. Plaintiffs' Complaint raises issues within the province of the New York State Legislature in developing a reapportionment plan protecting the constitutional principle of "one-person one-vote" in compliance with state and federal law.

60. Following principals of comity and avoidance of unnecessary interference in state operations, this Court should abstain from acting to derogate the State's right and authority to do so.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

61. Plaintiffs have not sustained a cognizable injury that is redressable by this Court.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62. Plaintiffs' action is not ripe for review and is premature.

**WHEREFORE**, Defendant BRIAN M. KOLB, Minority Leader of the New York State Assembly, respectfully requests judgment dismissing the Plaintiffs' Complaint in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated:  March 7, 2012
        Albany, New York

                                        COUCH WHITE, LLP

                                        _/s/ Kevin M. Lang_
                                        Kevin M. Lang, Esq. (KL6431)
                                        Donald J. Hillmann, Esq. (DH3012)
                                        Jennifer K. Harvey, Esq. (JH9821)
                                        *Counsel for Defendant Brian M. Kolb,
                                        Minority Leader of the New York State
                                        Assembly*
                                        540 Broadway
                                        P.O. Box 22222
                                        Albany, New York 12201
                                        (518) 426-4600

TO: All Parties (via ECF)