UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARK A FAVORS, et al.,

                                    Plaintiffs,          11-cv-5632 (DLI) (RLM)

    -against-

ANDREW M. CUOMO, et al.,                     **ANSWER TO DRAYTON INTERVENORS**

                                  Defendants.
-------------------------------------------------------------------X

      Defendant BRIAN M. KOLB, Minority Leader of the New York State Assembly ("Defendant Kolb"), by and through his attorneys, Couch White, LLP, as and for his Answer to the Complaint-in-Intervention ("Drayton Complaint") of Intervenor-Plaintiffs Donna Kaye Drayton, Edwin Ellis, Aida Forrest, Gene A. Johnson, Joy Wooley, and Sheila Wright ("Intervenor-Plaintiffs"):

    1.    Defendant Kolb denies each and every allegation in the Drayton Complaint except that Defendant Kolb admits the allegations contained in the paragraphs numbered "15," "16," "17," "18," "19," "20," "21," "22" and "23."

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

    2.    No Intervenor-Plaintiff has suffered an injury in fact.

    3.    By virtue of the foregoing, the Intervenor-Plaintiffs lack standing to maintain this lawsuit.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

    4.    Defendant LATFOR's reapportionment plan is still being developed and is not yet finalized.

5.  Therefore, there is no "case or controversy" for the Court to decide, and the Drayton Complaint should be dismissed for lack of subject matter jurisdiction under Federal Rules of Civil Procedure ("FRCP") 12(b)(1).

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.  The Drayton Complaint fails to state a claim upon which relief can be granted.

7.  The Drayton Complaint should therefore be dismissed under FRCP 12(b)(6).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.  To state a claim under the Equal Protection Clause, Intervenor-Plaintiffs were required to sufficiently allege two essential elements: (1) they were treated differently than others similarly situated; and (2) this differential treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.

9.  The Drayton Complaint does not allege that LATFOR's process is tainted with discriminatory intent, or that Intervenor-Plaintiffs have been treated differently than any other voters in their respective communities.

10. Moreover, as stated above, LATFOR has not completed its work, and there is no final reapportionment plan for New York.

11. For these reasons, Intervenor-Plaintiffs have failed to establish any basis for their claim of a violation of the Equal Protection Clause, and such claim should therefore be dismissed under FRCP 12(b)(6).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12. LATFOR has fully complied with the Prisoner Reallocation Law.

13. By virtue of the foregoing, Intervenor-Plaintiffs' claims for violation of same (Counts II, V, and VI of the Drayton Complaint) should be dismissed pursuant to FRCP 12(b)(6).

**WHEREFORE**, Defendant BRIAN M. KOLB, Minority Leader of the New York State Assembly, respectfully requests judgment dismissing the Drayton Complaint in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated: March 7, 2012
Albany, New York

COUCH WHITE, LLP

*/s/ Kevin M. Lang*

Kevin M. Lang, Esq. (KL6431)
Donald J. Hillmann, Esq. (DH3012)
Jennifer K. Harvey, Esq. (JH9821)
*Counsel for Defendant Brian M. Kolb,*
*Minority Leader of the New York State*
*Assembly*
540 Broadway
P.O. Box 22222
Albany, New York 12201
(518) 426-4600

TO: All Parties (via ECF)