UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MARK A. FAVORS, et. al.,                          :
                                                  :
                 Plaintiffs,                      :
                                                  :       **SCHEDULING ORDER**
        -against-                                 :
                                                  :
ANDREW M. CUOMO, as Governor of                   :
the State of New York, et. al.,                   :       **DOCKET #11-cv-5632**
                                                  :       **(RR)(GEL)(DLI)(RLM)**
                 Defendants.                      :
---------------------------------------------------------x

**REENA RAGGI, United States Circuit Judge**
**GERARD E. LYNCH, United States Circuit Judge**
**DORA L. IRIZARRY, United States District Judge:**

The recently enacted Senate and Assembly Redistricting Plans are awaiting preclearance by the United States Department of Justice and/or the United States District Court for the District of Columbia, and cannot be implemented unless and until preclearance has been secured. Because the preclearance processes are in their early stages, there is a possibility that preclearance, if granted, might not occur until after the start of the petitioning period. In the alternative, if preclearance is denied as to either or both State plans, such denial might well occur too late in the process to allow the New York State Legislature to create (and obtain preclearance of) a redistricting plan that cures the defects in the plan that was denied preclearance. In light of these contingencies, and recognizing the need to have in place, as a back-up, a judicially created interim redistricting plan for each house of the New York State Legislature, this Court previously authorized its redistricting consultant, Dr. Nathaniel Persily, to begin his analysis on April 9, 2012, at the State's expense, as to any further action to be taken by this Court with respect to redistricting, and the Court also authorized Magistrate Judge Roanne L. Mann to assist as necessary. See Minute Entry (Mar. 21, 2012).

1

A federal court faced with a legislatively enacted redistricting plan that is awaiting preclearance, and that has not yet been found by any other reviewing authority to be legally infirm, must take guidance from the State's recently enacted plan except to the extent that those policies violate the United States Constitution or the Voting Rights Act ("VRA"). See Perry v. Perez, __ U.S. __, 132 S.Ct. 934, 941 (2012). The amended pleadings in this case raise a variety of constitutional and VRA challenges to the State's plans. Those challenges are not likely to be litigated to judgment prior to the start of the petitioning period. The Supreme Court's decision in Perry addresses this situation, and teaches that, "[w]here a State's plan faces challenges under the Constitution or § 2 of the Voting Rights Act, a district court should still be guided by that plan, except to the extent that those legal challenges are shown to have a likelihood of success on the merits." Perry, 132 S.Ct. at 942. In addition, Perry provides that courts should "tak[e] guidance from a State's policy judgments unless they reflect aspects of the state plan that stand a reasonable probability of failing to gain § 5 preclearance." Id. A "'reasonable probability' . . . means in this context that the § 5 challenge is not insubstantial." Id.

It is imperative that this Court address the aforesaid issues expeditiously, in order to provide Magistrate Judge Mann and Professor Persily with the legal framework under which they will craft any proposed interim plan for each house of the State Legislature. Accordingly, any party planning to move for preliminary equitable relief on the ground that one or more of the issues presented in the complaints that have been filed in this case has sufficient legal and factual merit to meet the standards set out above, such that the Court should not defer to one or more aspects of the legislative plan in the absence of preclearance, must do so by 5:00 p.m. on April 12, 2012. Responses to such motions must be filed by 5:00 p.m. on April 17, 2012.

In addition, yesterday several defendants moved to dismiss the amended complaints or portions thereof. Responses to those motions must be filed by 5:00 p.m. on April 9, 2012.

SO ORDERED.

DATED: Brooklyn, New York
April 3, 2012

                                                _____/s/_____
                                                      REENA RAGGI
                                        United States Circuit Judge

                                                _____/s/_____
                                                    GERARD E. LYNCH
                                        United States Circuit Judge

                                                _____/s/_____
                                                    DORA L. IRIZARRY
                                        United States District Judge