UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARX A. FAVORS, HOWARD LEIB, LILLIE
H. GALAM, EDWARD A. MULRAINE,
WARREN SCHREIBER, and WEYMAN A.
CAREY,

                Plaintiffs,

DONNA K. KAYE, EDWIN ELLIS, AIDA
FORREST, GENE A. JOHNSON, JOY WOOLLEY,
SHEILA WRIGHT, LINDA LEE, SHING CHOR
CHUNG, JULIA YANG, JUNG HO HONG, JUAN
RAMOS, NICK CHAVARRIA, GRACIELA
HEYMAN, SANDRA MARTINEZ, EDWIN
ROLDAN, MANOLIN TIRADO, LINDA ROSE,
EVERET THOMPSON-WEREKOH, CARLOTTA
BISHOP, CAROL RINZLER, GEORGE
STAMATIADES, JOSEPHINE RODRIGUEZ,
SCOTT AUSTER, EDWIN
FIGUEROA, and SANTIAGO DIAZ

              Intervenor – Plaintiffs,

           -against-

ANDREW CUOMO, as Governor of the State
Of New York, DEAN G. SKELOS, as Majority
Leader and President Pro Tempore of the Senate
of the State of New York, SHELDON SILVER,
as Speaker of the Assembly of the State of New
York, ANDREA STWEART-COUSINS, as
Minority Leader of the Senate of the State of
New York, BRIAN M. KOLB, as
Minority Leader of the Assembly of the State
Of New York, the NEW YORK LEGISLATIVE
TASK FORCE ON DEMOGRAPHIC RESEARCH
AND REAPPORTIONMENT ("LATFOR"), JOHN
J. McENENY, AS Member of LATFOR, ROMAN
HEDGES, as member of LATFOR, MARTIN
MALAVE DILAN, as Member of LATFOR, as
Member of LATOR, and WELQUIS R. LOPEZ,

                                          Docket No. 11-cv-5632
                                          (RR)(GEL)(DLI) (RLM)

**As member of LATFOR,**

      **Defendants.**

-------------------------------------------------------------------X

**DRAYTON INTERVENORS MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTIONS FOR ATTORNEYS'
FEES, EXPERTS FEES, AND COSTS**

Joan P. Gibbs
Esmeralda Simmons
Center for Medgar Evers College, CUNY
1150 Carroll Street
Brooklyn, New York 11225
(718) 804-8893
joanpgibbs@hotmail.com
JG: 4191
ES: 0215

Attorneys for Plaintiffs-Intervenors
Donna Kaye Drayton et al

# TABLE OF CONTENTS

TABLE OF AUTHORITIES............................................................................ii

PRELIMINARY STATEMENT.....................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY..................................1

ARGUMENT............................................................................................3

I.    PLAINTIFFS-INTERVENORS ARE PREVAILING PARTIES
AND ARE ENTITLED TO AN AWARD OF ATTORNEYS'
FEES, EXPERT FEES AND COSTS..............................................3

     A.  Attorneys' Fees Request...................................................3

        i.    Attorney Fee Request for Joan P. Gibbs..................5

        ii.   Attorney Fee Request for  Esmeralda Simmons...........7

     B.  Request for Expert Fees and Costs........................................9

Conclusion............................................................................................11

i

## TABLE OF AUTHORITIES

**Cases:**

Abdel –Samed v. ING Life Insurance & Annuity Co., 12 CV 925,
  U.S. Dist. LEXIS 6681 (D. Conn. May 10, 2013)……………………………………4

*Adono v. Port Auth. Of N.Y. & N.J.*, 685 F. Supp. 2d 507
  (S. D. N.Y. 2010)………………………………………………………………… 4

*Arbor Hill Concerned Citizens Association v. County of Albany,*
  493 F. 3d 110 (2nd Cir. 2007), *amended on other grounds*
  by 522 F. 3d 182 (2d Cir. 2008)…………………………………………………4, 5.

*Fairbaugh v. Life Ins. Co. of N. Am.*, 872 F. Supp. 2d 174
  (D. Conn. 2012), supplemented (Aug. 2012), *appeal withdrawn*
  (Nov. 30. 2012)…………………………………………………………………..4

*Farrar v. Hobby*, 506 U.S. 103 (1992)…………………………………………………3

*Friedman v. Sharinn, P.C.*, 12 CV 345, 2013 U.S. Dist. Lexis 64541
  (E.D.N.Y. March 28, 2013), *report and recommendation adopted,*
  2012 Dist, LEXIS  63793 ( E.D. New York May 3, 2013)……………………………4.

*Grant v. Martinez*, 973 F. 2d 96 (2d Cir. 1992).

*Hugee v. Kimso Apartments, L. L. C.*, 852 F. Supp. 2d 281
  (E. D. N. Y. 2012)……………………………………………………………………4

*Luciano v. Olsten*, 109 F. 3d 111 (2d Cir. 1997)……………………………………4

*NLRB v. Local 3 In't Bd of Elec. Workers*, 473 F. 3d 399 (2d Cir. 2006)………………………5

*Perdue v. Kenny A ex rel. Winn*, 559 U.S.  542 (2010)………………………………………4.

*Simmons v. New York City Transit Authority*, 575 F. 3d 170 (2d Cir. 2009)………………………3.

*Wilder v. Bernstein*, 965 F. 2d 1196 (1992)………………………………………………3.

**Statutory Provisions and Rules:**

Fed. R. Civ. P. 54………………………………………………………….. …..1.

42 U. S. C. Section 1973l (e)………………………………………………… 1,3,9.

42 U.S. C. Section 1988.............................................................................1,3

## PRELIMINARY STATEMENT

Plaintiffs - Intervenors Donna Kaye Drayton, Edwin Ellis, Aida Forrest, Gene A. Johnson, Joy Woolley, Sheila Wright[1] respectfully submit this memorandum, and accompanying Declarations, in support of their motion, pursuant to  42 U.S.C. Section 1973l (e), 42 U.S.C. Section 1988, Fed.  R. Civ. P. 54 and the Court's Memorandum and Order, dated November 5, 2013, entering judgment in favor of Plaintiffs-Intervenors on Count III of their original complaint.

As more fully explained with, Plaintiffs-Intervenors seek an award of attorneys' fees, expert fees, and costs.  The requested attorney fees are reasonable as they are in accordance with the prevailing market rates in this district for attorneys with comparable skills, experience, expertise and reputation.  The requested expert fees are also reasonable as they were necessary to Plaintiffs-Intervenors pursuit of their claims and in accordance with Plaintiffs-Intervenors' experts skills, expertise and reputation.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Plaintiffs commenced this action on November 11, 2011. On December 19, 2011, Plaintiffs-Intervenors filed their motion to intervene.  (Docket Entry No. 28-4).[2] In Count III of their Proposed Complaint in Intervention,  Plaintiffs-Intervenors alleged, *inter alia*, that their "rights to representation and to vote for a member of the United States House of Representatives is  seriously at risk because of  defendants' failure to timely develop a legal redistrict plan." Proposed Complain In Intervention, at paragraph 75. Plaintiffs-Intervenors requested that "the

---

[1] Hereinafter "Plaintiffs Intervenors."
[2] Hereinafter "DKT Entry.

Court take control of the redistricting process and oversee the process of redrawing district lines pursuant to fair and legal criteria." Id. at paragraph 76. Plaintiffs-Intervenors also requested that the "Court appoint a Special Master to prepare a plan in light of the legislative stalemate," and that "[u]pon presentation of the redistricting plan, the Court, following a public hearing, should adopt and order the elections to proceed in 2012 using those districts." Proposed Complaint In Intervention at paragraphs 76-77. On February 14, 2012, the Court granted Plaintiffs-Intervenors motion to intervene. (DKT Entry 75).

On February 22, 2012, Magistrate Judge Mann ordered all parties to develop and submit a list of at least three or four independent experts to assist her in developing a redistricting plan for New York. (DKT. 107). In compliance with Magistrate Judge Mann's order, Plaintiffs-Intervenors submitted the names of three proposed experts. (DKT. Entry 115 and 127).

On February 27, 2012, the parties, including the Plaintiffs appeared before the three Judge Court and Magistrate Judge Mann. (DKT. 129). The parties were subsequently directed to, *inter alia*, "serve and file their proposed Congressional redistricting plans for New York State, along with detailed explanations of how those plans comport with applicable law and the Court's mandate." Id. In compliance with the Court's Order, on February 29, 2012, the Plaintiffs-Intervenors submitted a congressional district maps and a memorandum. (DKT. Entry 139, 140, 143, 146, 147, 148).

Thereafter, on March 27, 2012, following, *inter alia*, further submissions, and a public hearing, Magistrate Mann issued her Report and Recommendation, adopting the congressional redistricting plan prepared by the Court's expert. (DKT. Entry 174, 175, 182). The three Judge Court adopted Magistrate Judge Mann's Report and Recommendation on March 19, 2012. (DKT. Entry242) In an Memorandum and Order, dated November 5, 2013, the three Judge

2

Court entered judgment in favor of Plaintiffs-Intervenors on Count III of their original complaint.

## ARGUMENT

## I.

## PLAINTIFFS-INTERVENORS ARE PREVAILING PARTIES AND ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES, EXPERT FEES AND COSTS

42 U. S. C. Section 1988 (b)  provides in pertinent part "[i]n any action or proceeding to enforce a provision of [42 U.S.C. Section 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, as part of costs…). In addition, the Voting Rights Act provides that " in any action or proceeding to enforce the voting guarantees of the Fourteenth or Fifteenth Amendment [s], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs..." 42 U.S. C. Section 1973l (e).  A party is a "prevailing party" when she or he obtains "at least some relief on the merits of [the] claim. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). The Second Circuit has made clear that intervenors who contribute to the successful outcome of a case are "prevailing parties" entitled to fees. *Wilder v. Bernstein*, 965 F. 2d 1196. 1201-02 (1992).

### A.  Attorneys' Fees Request

In *Arbor Hill Concerned Citizens Association v. County of Albany*, 493 F. 3d 110 (2nd Cir. 2007), *amended on other grounds* by 522 F. 3d 182 (2d Cir. 2008) the Second Circuit "abandon[ed] the 'lodestar' approach to awarding attorney's fees, and adopted instead a 'presumptively reasonable fee' calculation." *Simmons v. New York City Transit Authority*, 575 F.

3

3d  170, 172 (2d Cir. 2009).[3]  Pursuant to *Arbor Hill*, the Court must first set a "'reasonably hourly rate'" bearing in mind all the case specific variable" noted by the *Arbor Hill* Court. *Adono v. Port Auth. Of N.Y. & N.J.*, 685 F. Supp. 2d 507, 510-11 (S. D. N.Y. 2010). In determining what constitutes a reasonable hourly rate, the Court must look to the rates "prevailing in the community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Luciano v. Olsten*, 109 F. 3d 111, 113 (2d Cir. 1997) (citation omitted). The relevant "community" is "the district in which the court sits." *Polk v. N.Y. State Department of Correctional Services*, 722 F. 2d 23, 25 (2d Cir. 1983). The Court then muse "use[ ] that reasonable hourly rate to calculate the 'presumptively reasonable rate' by multiplying the rate by the number of hours reasonably expended."  Id. The main issue in determining  "reasonable hours" is "whether, at the time the work was performed, a reasonable attorney would engaged in similar time expenditures." *Grant v. Martinez*, 973 F. 2d 96, 99 (2d Cir. 1992).

Plaintiffs-Intervenors seek reimbursement for the time expended by Joan P. Gibbs, counsel of record to the Drayton Intervenors, at the hourly rates of $400.00 and $450.00 for her co-counsel Esmeralda Simmons $400 per hour. Recent opinions by courts within the Eastern District of New York have found reasonable hourly rates to be "approximately $300 – 450 per hour for partners, $200 – 300 per hour for senior associates, and $100 – 200 per hour for junior associates." *Hugee v. Kimso Apartments, L. L. C.*, 852 F. Supp. 2d 281, 298 -99 (E.D. N. Y.

---

[3] The Supreme Court has since expressed its preference for the lodestar approach. *Perdue v. Kenny A ex rel. Winn*, 559 U.S.  542 (2010). However, most district courts in the Second Circuit continue to apply *Arbor Hill*'s "presumptively reasonable" calculation in setting the reasonable amount. *See e.g., Friedman v. Sharinn, P.C.*, 12 CV 345, 2013 U.S. Dist. Lexis 64541 at *8-9 (E.D.N.Y. March 28, 2013), report and recommendation adopted, 2012 Dist, LEXIS  63793 (E.D. New York May 3, 2013). But see e.g., *Abdel –Samed v. ING Life Insurance & Annuity Co.*, 12 CV 925, U.S. Dist. LEXIS 6681 AT *1 (D. Conn. May 10, 2013). Some courts have conflated the two methods. .See e.g. *Fairbaugh v. Life Ins. Co. of N. Am.*, 872 F. Supp. 2d 174, 192 (D. Conn. 2012), *supplemented* (Aug. 2012), *appeal withdrawn* (Nov. 30. 2012)..

2012)  The same general principles apply to nonprofit legal organizations. *NLRB v. Local 3 In't Bd of Elec. Workers*, 473 F. 3d 399, 406 (2d Cir. 2006).  The requested attorney fees are reasonable as they are in accordance with the prevailing market rates in this district for attorneys with comparable skills, experience, expertise and reputation, and time expended on this matter Ms. Gibbs and Ms. Simmons. See Exhibits A and C attached to the Declaration of Joan P. Gibbs, dated December 19, 2013.

      i.    **Joan P. Gibbs**

As more fully detailed in her resume, Ms. Gibbs received her Doctor of Jurisprudence from Rutgers School of Law – Newark in June 1985 and was admitted to the bars of New Jersey and New York in 1986. See Exhibit A attached to the Declaration of Joan P. Gibbs, dated December 18, 2013[4] at pp 3-4.[5] Ms. Gibbs is the General Counsel for the Center for Law and Social, Medgar Evers College, CUNY ("CLSJ"). As such, Ms. Gibbs is responsible for all of CLSJ's litigation projects, including the instant case.

Ms. Gibbs has devoted her entire legal career to practice of constitutional and civil rights law. Prior to the joining the staff of the Center for Law and Social Justice in 1995, Ms. Gibbs was a staff attorney at the Center for Constitutional Rights (1987-1995), the American Civil Liberties Union Women's Rights Project (1986 -1987) and the Marvin M. Karpatpkin Fellow in Civil Liberties in the National Office of the ACLU (1985-1986). Exhibit A to Gibbs Declaration at p 1-2.

---

[4] Hereinafter "Gibbs Declaration."
[5] Ms. Gibbs is also a member of the bars of the United States Supreme Court, the United States Court of Appeals for the Second Circuit, the United States Court of Appeals for the Eighth Circuit, the United States District Court for the District of New Jersey, the United States District Court for the Southern District of New York, and the United States District Court for the Eastern District of New York.

The cases that Ms. Gibbs has worked on include:

*Little v. LATFOR:* successful defense of New York State law requiring that incarcerated persons be counted at their last known home addresses for redistricting purposes rather than their place of incarceration. Index No. 2310-2011 (Supt. Ct., County of Albany 2011).

*Hayden v. Paterson:* unsuccessful challenge to New York State's felon disenfranchisement laws. See e.g., Hayden v. Pataki, 594 F. 3d 150 (2nd Cir. 2010).

*Rodriquez v. Pataki:* Voting Rights Act challenge to NYS Congressional and state legislative districts redistricting that forced the state government to redistrict, as required by law. CLSJ clients also unsuccessfully sought to create another "majority- minority" congressional seat in the Bronx and to create a fair NYS Senate plan. See e.g., 308 F. Supp. 2d. 346 (S.D.N. Y. 2004).

*Sheppard v. Consolidated Edison:* successful class action challenge to Consolidated Edison's promotion policies on the grounds that they discriminated against African Americans in violation of, *inter alia*, Title VII of the Civil Rights Of 1964. See e.g., 2002 U.S. Dist. LEXIS 16314 (E.D. N.Y. 2002).

*People United for Children v. City of New York:* successful class action challenge to New York City's child welfare policies on the grounds that they were enforced in violation of, *inter alia*, the Fourteenth and Fourth amendments to the Unites States Constitution. See e.g., 108 F. Supp. 275 (S. D.N.Y. 2000).

*Ferguson v. FBI:* partially successful challenge to FBI's refusal to disclose nearly twenty-five year old FBI files pertaining to Herman Ferguson, a New York City Black educator and activist who was targeted by the FBI and NYCP in the 1960s because of his political beliefs and associations and was subsequently convicted of conspiracy charges. See e.g., 866 F. 2d 22 (2nd Cir. 1989).

*In the Matter of Anne Pilsbury:* successful challenge to a federal district court order summarily holding an attorney in criminal contempt for failing to promptly leave the court. 866 F. 2d 22 (2nd Cir. 1989).

In 2011, Ms. Gibbs because of her experience and reputation was appointed by the five New York City Borough Presidents to the New York City Voter Assistance Advisory Committee. Ms. Gibbs also taught Constitutional Litigation at Rutgers School of Law-Newark and taught Women and the Law to upper level undergraduates at Rutgers University and Hunter College. Id. Ms. Gibbs is also the recipient of several honors and awards. Exhibit A attached to the Gibbs' Declaration at pp. 2, 4-5.

As counsel of record to the Plaintiffs-Intervenors, Ms. Gibbs, *inter alia*, interviewed and drafted the affidavits for the Plaintiffs-Intervenors, researched and drafted the Motion to Intervene, Proposed Complaint in Intervention, and was present at all scheduled court conferences and the public hearings. See Exhibit B attached to Gibbs  Declaration.

ii.     **Esmeralda Simmons**

As more fully detailed in her resume, attached as Exhibit C to the Joan P. Gibbs, dated December 18, 2013, Ms. Esmeralda Simmons received her Doctor of Jurisprudence from Brooklyn Law School in 1978 and was admitted to the bar of New York State in 1978.[6] Ms. Simmons is the Executive Director of the Center for Law and Social Justice (CLSJ). As such, Ms. Simmons supervises Ms. Gibbs, and serves as her co-counsel in all CLSJ's litigation, including the instant case.

Ms. Simmons has also devoted her entire legal career to the practice of constitutional and civil rights law. Prior to becoming the founding Executive the Center for Law and Social Justice in 1985, Ms. Simmons, was, *inter alia*, the First Deputy Commissioner  for the New York Division of Human Rights (1983 -1985); an Assistant  Attorney General with the New York State Department of Law (1982-1983); Regional Civil Rights Attorney in the Office of Civil Rights of the United States Department of Education, and an Honors Attorney in the employment and civil rights division of the New York City Law Department. Ms. Simmon's also severed as a law clerk for the Honorable Henry Bramwell, United States Judge, United States District Court for the Eastern of New York.  Ms. Simmons has extensive experience in the areas

---

[6] Ms. Simmons is also a member of the bars of the United States Supreme Court, the United States District Court for the Eastern District of New York, and the United States District Court for the Southern District of New York.

of redistriciting litigation. The redistricting and other cases that Ms. Simmons has worked on

include:

> *Hayden v. Paterson:* unsuccessful challenge to New York State's felon disenfranchisement laws. *See e.g., Hayden v. Pataki*, 594 F. 3d 150 (2ⁿᵈ Cir. 2010).

> *Sheppard v. Consolidated Edison*, successful class action challenge to Consolidated Edison's promotion policies on the grounds that they discriminated against African Americans in violation of, *inter alia*, Title VII of the Civil Rights 0f 1964. See e.g., 2002 U.S. Dist. LEXIS 16314 (E.D. N.Y. 2002).

> *Rodriquez v. Pataki:* Voting Rights challenge to NYS Congressional and state legislative districts redistricting that forced the state government to redistrict, as required by law. CLSJ also unsuccessfully sought to create another "minority" congressional seat in the Bronx and to create a fair NYS Senate plan. 308 F. Supp. 2d. 346 (S.D.N. Y. 2004).

> *People United for Children v. City of New Yor*k, successful class action  challenge to New York City's child welfare policies on the grounds that were enforced in violation of, *inter alia*, the Fourteenth and Fourth  amendments to the Unites States Constitution. See e.g., 108 F. Supp. 275 (S. D.N.Y. 2000).

> *Chin* v. *Bd. of Elections:* Argued an appeal that sought to expand Asian language voting rights in New York City. 599 N.Y.S. 2d 569 (2d Dept. 1993).

> *Ashe* v. *Board of Elections:* successful VRA challenge to force the NYC Board of Elections to conduct functional and voter-friendly elections in Black and Latino communities.  124 F.R.D. (E.D.N.Y. 1989).

> *Flateau v. Anderson*: successful Voting Rights challenge to New York State redistricting plan. 537 F. Supp. 257 (S.D. N.Y. 1982).

> *Herron v. Koch:* Successful challenge to holding of 1981city elections, for NYC's failure to comply with Section 5 pre-clearance provision of the federal Voting Right Act. 523 F. Sipp. 167 (S.D. N.Y. 1981).

Because of her experiences and reputation in the areas of redistricting litigation and

advocacy, Ms. Simmons Esmeralda Simmons was appointed as the Vice Chair of the initial

New York City Districting Commission (1990-91). Ms. Simmons has also, *inter alia*, served  an

appointee of the Mayor to the  former New York City Board of Education (1993 -1994); and

was the chair of Board of Trustees for former Community School District 17  (1994-1996). Ms.

Simmons is the recipient of numerous awards and honors. See Exhibit C attached to the Gibbs Declaration.

As co-counsel to Ms. Gibbs, and her supervisor, Ms. Simmons, *inter alia*, reviewed, edited all documents submitted on behalf of Plaintiffs-Intervenors, was the principal supervisor of the Plaintiffs-Intervenors experts, and was present at all scheduled court conferences and the public hearings.   See Exhibit D attached to the Gibbs  Declaration..

### B. Expert Fees Requests

In addition to attorneys' fees, Plaintiffs-Intervenors are also entitled to, and respectfully request payment of expert fees. See e.g., 42 U.S. C. Section 1973l (e) ("any action or proceeding to enforce the voting guarantees of the Fourteenth or Fifteenth Amendment [s], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, *reasonable expert fees*, and other reasonable litigation expenses as part of the costs.). Plaintiffs-Intervenors seek an award of expert fees for their experts Frank Lewis, Zulema Blair, Edwin Dei.

As detailed on his resume, attached as Exhibit A to the Affidavit of  Frank Lewis, dated December 19, 2013,[7] Frank Lewis received his Bachelor of Science in Mathematics, Statistics and Operations Research from Yale University in 1976 and has did graduate work in Management Science at the Massachusetts  Institute of Technology and in Applied Social Research at Queens College of the City University of New York. Mr. Lewis is an Adjunct Instructor at New York University where he has taught courses in Mathematic, Mathematics, Statistics, Economics, Finance and Information Systems over the span on nineteen years. In

---

[7] Hereinafter "Lewis Affidavit.".

9

addition, Mr. Lewis has worked as, *inter alia*, an Industrial Engineer, Business Analyst, Statistical Analyst, and Technical Software Trainer. See Exhibit A attached to Lewis Affidavit.

Mr. Lewis' redistricting experience spans the last three redistricting cycles. In particular, Mr. Lewis has worked as a Research Systems  Analysts in the Technical System Group of the New York City Districting Commission (190-1991); as a Systems Analyst on the Redistricting Staff of Counsel for the  New York State Senate Minority (1991-1992); as a legislative districting consultant for the State Supreme Court, the New York City City Council and Nassau County.  In addition, Mr. Lewis was an expert witness in *Babylon v. NACCP* and *Rodriquez v. Pataki* cases. See Exhibit A attached to Lewis Affidavit.

As a consultant expert witness for the Plaintiffs-Intervenors, Mr. Lewis, *inter alia*, was one of the main co-authors of the 2011 Unity Congressional Plan. In  particular, drew the Black majority-minority districts.  Mr. Lewis also provided background information to the Plaintiffs-Interevenors's counsel for their original complaint filed herein and other submissions. See attached to Lewis Declaration.  B attached to the Lewis Affidavit. In total, Mr. Lewis expended 74 hours on this case. Id.

Ms. Blair and Mr. Dei assisted Mr. Lewis in the development and creation of the Black majority-minority districts contained in the Unity Map.  See Affidavit of Zulema Blair, dated December 19, 2013[8]; Declaration of Edwin Dei, dated December 19, 2013.[9]   Zulema Blair received her Bachelor of Arts in Political Science from Boston College in 1995, her Master of Public Administration and her Ph. D. from Binghamton University (SUNY) in respectively May 1998 and May 2002. Dr. Blair is presently an Adjunct Assistant Professor in the Department of

---

[8] Hereinafter "Blair Affidavit."
[9] Hereinafter "Dei Declaration."

Political Science at John Jay College of the City University of New York.  See A attached to the Blair Affidavit.  In total, Dr. Blair expended 19 hours on this case.

Mr. Dei received his Bachelor of Arts in Economic from Fordham University in 1981 and his Master of Arts in International Political Economy and Development from Fordham 1986. Mr. Dei has extensive experience in research and data and statistical analysis.  Mr. Dei devoted nine hours to this case. See Exhibit B attached to Dei Declaration.

Plaintiffs-Intervenors request payment for Mr. Lewis at an hourly rate at $150.00 per hour, $100 per hour for Ms. Blair, and $75.00 for Mr. Dei.   The requested expert fees are reasonable as the tasks performed by these experts were necessary to Plaintiffs-Intervenors pursuit of their claims, and in light of Plaintiffs-Intervenors's experts expertise and experiences.

## CONCLUSION

For the forgoing reasons, Plaintiffs-Intervenors motion for attorneys' fees and  expert fees should be granted in all respects.

Dated: Brooklyn, New York
     December 19, 2013

                                Respectfully submitted,

                                /s/ Joan P. Gibbs
                                Joan P. Gibbs
                                Esmeralda Simmons
                                Center for Medgar Evers College, CUNY
                                1150 Carroll Street
                                Brooklyn, New York 11225
                                (718) 804-8893
                                joanpgibbs@hotmail.com
                                JG: 4191
                                ES: 0215

                                Attorneys for Plaintiffs-Intervenors
                                Donna Kaye Drayton et al

**All Counsel via ECF**