UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

MARK A. FAVORS, HOWARD LEIB, LILLIE H.
GALAN, EDWARD A. MULRAINE, WARREN
SCHREIBER, and WEYMAN A. CAREY,

                Plaintiffs,

DONNA KAYE DRAYTON, EDWIN ELLIS, AIDA
FORREST, GENE A. JOHNSON, JOY WOOLLEY,
SHEILA WRIGHT, MELVIN BOONE, GRISSELLE
GONZALEZ, DENNIS O. JONES, REGIS THOMPSON
LAWRENCE, AUBREY PHILLIPS, LINDA LEE,
SHING CHOR CHUNG, JULIA YANG, JUNG HO
HONG, JUAN RAMOS, NICK CHAVARRIA,
GRACIELA HEYMANN, SANDRA MARTINEZ,
EDWIN ROLDAN, MANOLIN TIRADO, LINDA
ROSE, EVERET MILLS, ANTHONY HOFFMAN,
KIM THOMPSON-WEREKOH, CARLOTTA BISHOP,
CAROL RINZLER,GEORGE STAMATIADES,
JOSEPHINE RODRIGUEZ,   SCOTT AUSTER, and
YITZCHOK ULLMAN,

                Intervenor Plaintiffs,

                -against-

ANDREW M. CUOMO, as Governor of the State of New
York, ROBERT J. DUFFY, as President of the Senate of
the State of New York, DEAN G. SKELOS, as Majority
Leader and President Pro Tempore of the Senate of the
State of New York, SHELDON SILVER, as Speaker of
the Assembly of the State of New York, JOHN L.
SAMPSON, as Minority Leader of the Senate of the State
of New York, BRIAN M. KOLB, as Minority Leader of
the Assembly of the State of New York, the NEW YORK
STATE LEGISLATIVE TASK FORCE ON
DEMOGRAPHIC RESEARCH AND APPORTIONMENT
("LATFOR"), JOHN J. McENENY, as Member of
LATFOR, ROBERT OAKS, as Member of LATFOR,
ROMAN HEDGES, as Member of LATFOR, MICHAEL
F. NOZZOLIO, as Member of LATFOR, MARTIN
MALAVÉ DILAN, as Member of LATFOR, and
WELQUIS R. LOPEZ, as Member of LATFOR,

                Defendants.

------------------------------------------------------------------------x

**SUMMARY ORDER
DOCKET #11-cv-5632
(RR)(GEL)(DLI)(RLM)**

**REENA RAGGI, United States Circuit Judge**
**GERARD E. LYNCH, United States Circuit Judge**
**DORA L. IRIZARRY, United States District Judge:**

This Order is written for the benefit of the parties and familiarity with the underlying facts and issues is presumed.[1] On May 22, 2014, this Court granted the Senate Majority Defendants' motions for summary judgment as to the Drayton Intervenors' and Ramos Intervenors' remaining equal protection claims, and denied the discovery motions by the Senate Minority Cross-Claimants and the Ramos Intervenors, as well as the appeals from the Magistrate Judge Decisions by the Senate Minority Cross-Claimants, the Senate Majority Defendants, and the Assembly Majority Defendants. (*See generally* May 22, 2014 Opinion and Order ("5/22/14 Op. & Or."), Dkt. Entry No. 673.) The Drayton Intervenors move for reconsideration of the Court's May 22, 2014 Opinion and Order. (*See* Drayton Intervenors' Motion for Reconsideration ("Drayton Intervenors' Mot."), Dkt. Entry No. 677). The Senate Majority Defendants oppose reconsideration. (*See* Senate Majority Defendants' Opposition to Drayton Intervenors' Mot. ("Senate Majority Defendants' Opp'n"), Dkt. Entry No. 684). Additionally, the Lee Intervenors submitted a letter requesting that the Court modify the May 22, 2014 Opinion and Order to reflect the fact that they, too, had a pending equal population claim that was subject to the Court's decision. (*See* June 5, 2014 Lee Intervenors' Letter ("Lee Intervenors' Ltr."), Dkt. Entry No. 679.) For the reasons set forth below, the Drayton Intervenors' motion for reconsideration is denied and the Lee Intervenors' letter requesting modification of the May 22, 2014 Opinion and Order is granted.

---

[1] A detailed discussion of the factual background of this case is set forth in this Court's May 22, 2014 Opinion and Order. (*See* 5/22/14 Op. & Or., Dkt. Entry No. 673.)

## DISCUSSION

I.  **Drayton Intervenors' Motion for Reconsideration**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hinds Cnty., Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. *Id.*; *United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. *Gross*, 2002 WL 32096592 at *4.

Notably, the Drayton Intervenors do not point to any intervening change of controlling law or availability of new evidence in support of their motion. Rather, the Drayton Intervenors contend that the Court: (1) overlooked and failed to rule on the Drayton Intervenors' Rule 56(d) motion; (2) overlooked the purported lack of discovery that the Drayton Intervenors received during this litigation; and (3) incorrectly held the Drayton Intervenors to a harsher legal standard than that required of parties opposing summary judgment. (*See generally* Drayton Intervenors' Mot.) Each of these arguments lacks merit.

First, the Court did not ignore the Drayton Intervenors' Rule 56(d) motion because the Drayton Intervenors did not have permission to file a free-standing motion. Specifically, the Court directed the Drayton Intervenors to raise their Rule 56(d) arguments in their opposition to the Senate Majority Defendants' motion for summary judgment. (*See* July 11, 2012 ECF Order)

("Drayton Intervenors' requests for a premotion conference and permission to file a motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure are denied as unnecessary. All parties are to raise any objections and other bases for opposing the motions for summary judgment, including any arguments pursuant to Rule 56(d), in their submissions in opposition to the motions for summary judgment, and not by separate motion.").

Second, the Court considered the Drayton Intervenors' arguments for additional discovery and rejected them. Indeed, with respect to the additional discovery sought, the Court noted: "In view of the strong policies disfavoring disclosure of confidential records of legislative deliberation, we see no justification for ordering disclosure of privileged records that do nothing to advance the Intervenors' allegations." (5/22/14 Op. & Or. at 24.) Furthermore, the Senate Majority Defendants correctly noted that the Drayton Intervenors failed to identify any discovery that the Drayton Intervenors sought and did not receive on grounds other than privilege. (*See* Senate Majority Defendants' Opp'n at 2.)

Finally, the Court undertook the resolution of these motions with great care, articulating and applying the proper legal standards for resolution of such motions. (*See* 5/22/14 Op. & Or. at 7.) Under those standards, the Drayton Intervenors' claims failed. The Court considered both the evidence in the record and privileged documents reviewed *in camera*. Based on this review, there was no evidence to support the Drayton Intervenors' claims. Accordingly, the Drayton Intervenors' motion for reconsideration is denied.

## II. Lee Intervenors' Letter

The Lee Intervenors request that this Court revise the May 22, 2014 Opinion and Order to reflect that the Lee Intervenors, too, had an equal population claim subject to the Court's decision. This request is granted. Thus, the May 22, 2014 Opinion and Order is modified to include the Lee Intervenors' equal population claim, in addition to the identical equal population

claims of the Drayton and Ramos Intervenors. For the same reasons that were detailed in the Court's May 22, 2014 Opinion and Order, the Lee Intervenors' equal population claim is dismissed.

## CONCLUSION

For the reasons set forth above, the Drayton Intervenors' motion for reconsideration is denied and the Lee Intervenors' request for modification of the May 22, 2014 Opinion and Order is granted.

SO ORDERED.

DATED: Brooklyn, New York
         July 28, 2014

                                    /s/
                          REENA RAGGI
                 United States Circuit Judge

                                    /s/
                        GERARD E. LYNCH
                 United States Circuit Judge

                                    /s/
                        DORA L. IRIZARRY
                 United States District Judge