UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MARK A. FAVORS, HOWARD LEIB, LILLIE H. :
GALAN, EDWARD A. MULRAINE, WARREN :
SCHREIBER, and WEYMAN A. CAREY, :
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　Plaintiffs, :
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
DONNA KAYE DRAYTON, EDWIN ELLIS, AIDA :
FORREST, GENE A. JOHNSON, JOY WOOLLEY, :
SHEILA WRIGHT, MELVIN BOONE, GRISSELLE :
GONZALEZ, DENNIS O. JONES, REGIS THOMPSON :
LAWRENCE, AUBREY PHILLIPS, LINDA LEE, : **SUMMARY ORDER**
SHING CHOR CHUNG, JULIA YANG, JUNG HO : **ADOPTING REPORT**
HONG, JUAN RAMOS, NICK CHAVARRIA, : **AND RECOMMENDATION**
GRACIELA HEYMANN, SANDRA MARTINEZ, : 11-cv-5632 (DLI)
EDWIN ROLDAN, MANOLIN TIRADO, LINDA :
ROSE, EVERET MILLS, ANTHONY HOFFMAN, :
KIM THOMPSON-WEREKOH, CARLOTTA BISHOP, :
CAROL RINZLER,GEORGE STAMATIADES, :
JOSEPHINE RODRIGUEZ,　SCOTT AUSTER, and :
YITZCHOK ULLMAN, :
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Intervenor Plaintiffs, :
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　-against- :
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
ANDREW M. CUOMO, as Governor of the State of New :
York, ROBERT J. DUFFY, as President of the Senate of :
the State of New York, DEAN G. SKELOS, as Majority :
Leader and President Pro Tempore of the Senate of the :
State of New York, SHELDON SILVER, as Speaker of :
the Assembly of the State of New York, JOHN L. :
SAMPSON, as Minority Leader of the Senate of the State :
of New York, BRIAN M. KOLB, as Minority Leader of :
the Assembly of the State of New York, the NEW　YORK :
STATE LEGISLATIVE TASK FORCE ON :
DEMOGRAPHIC RESEARCH AND APPORTIONMENT :
("LATFOR"), JOHN J. McENENY, as Member of :
LATFOR, ROBERT OAKS, as Member of LATFOR, :
ROMAN HEDGES, as Member of LATFOR, MICHAEL :
F. NOZZOLIO, as Member of LATFOR, MARTIN :
MALAVÉ DILAN, as Member of LATFOR, and :
WELQUIS R. LOPEZ, as Member of LATFOR, :
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants. :
-----------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

This Order is written for the benefit of the parties regarding the issue of the award of attorneys' fees and costs.[1] Familiarity with the underlying facts and the history of this redistricting litigation is presumed.[2]

On November 5, 2013, the Court entered judgment in favor of various plaintiff-intervenors on their claims related to the congressional redistricting following the 2010 census. (*See* Judgment Order, Dkt. Entry No. 639.) Subsequently, the Rose, Drayton, Lee, and Ramos Intervenors filed applications for attorneys' fees, contending that, as prevailing parties, they were entitled to such fees. (*See* Rose Intervenors' Motion for Attorney Fees, Dkt. Entry No. 647; Drayton Intervenors' Motion for Attorney Fees, Dkt. Entry Nos. 650, 658; Ramos Intervenors' Notice of Motion for Attorney Fees and Costs, Dkt. Entry No. 657; Lee Intervenors' Motion for Attorney Fees, Dkt. Entry No. 659.) The Governor and Lieutenant Governor of the State of New York (collectively, the "State") filed the sole opposition to the fee applications. (*See* State's Opposition, Dkt. Entry No. 666.)

The Court referred the fee applications to United States Magistrate Judge Roanne L. Mann, who issued a report and recommendation (the "R & R") on May 20, 2014. (*See* R & R, Dkt. Entry No. 672.) The magistrate judge recommended that: (1) the Rose Intervenors' motion be denied in its entirety; (2) the Lee Intervenors be awarded $61,444 in attorneys' fees; (3) the Drayton Intervenors be awarded $88,502.75 in attorneys' fees, $15,780 in expert fees, and $0.75 in litigation expenses; and (4) the Ramos Intervenors be awarded $97,196.25 in attorneys' fees. (*Id.* at 1.) The State filed the sole objection to the R & R (*see* State's Objections to R & R, Dkt.

---

[1] The underlying facts and issues pertinent to the attorneys' fees and costs applications is accurately detailed in the exceptionally thorough and thoughtfully written Report and Recommendation ("R & R") of United States Magistrate Judge Roanne L. Mann. (*See* R & R, Dkt. Entry No. 672.) Furthermore, for ease of reference, the Court adopts the shortened names of the parties as delineated in the R & R. (*See id.* at 2-3.)

[2] A detailed discussion of the factual background of this case is set forth in this Court's May 22, 2014 Opinion and Order. (*See* 5/22/14 Op. & Or., Dkt. Entry No. 673.)

2

Entry No. 682), which was timely. The Drayton Intervenors filed the sole reply. (*See* Drayton Intervenors' Repl. Mem. of Law, Dkt. Entry No. 683.) For the reasons set forth below, the R & R is adopted in its entirety.

**DISCUSSION**

When a party objects to a R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects. *See* Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997). If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the court will review the R & R for clear error. *Robinson v. Superintendent, Green Haven Correctional Facility*, 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The State contends that the magistrate judge erred in recommending that the Court find that the plaintiff-intervenors achieved prevailing party status. (*See* State's Objections at 4-10.) The State's objections constitute nothing more than relitigation of its position in its opposition to the fee applications. (*Compare* State's Objections at 4-10, *with* State's Opposition at 4-7.) Notably, the magistrate judge anticipated the State's objections, and squarely and correctly addressed each of them in the R & R. (*See* R & R at 6-12.)

Nonetheless, the Court has carefully considered the State's objections to the R & R, which are meritless. First, the magistrate judge articulated and applied the correct legal standard for determining whether the plaintiff-intervenors achieved prevailing party status. In this action, the plaintiff-intervenors sought attorneys' fees and costs under 42 U.S.C. § 1988 and 1973l(e),

which state that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee" and costs.³

The Supreme Court has explained that, it is unnecessary for a party to prevail on every issue in a litigation to achieve prevailing party status. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (explaining that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit"). If prevailing party status is achieved, the Court must then evaluate the "reasonableness" of the application. *Id*. The Court further clarified that, "at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). Some "purely technical or de minimis" victories may fail to support prevailing party status; however, a party crosses the threshold to prevailing party status when the party "succeed[s] on any significant issue in litigation which achieved[d] some of the benefit the parties sought in bringing the suit." *Id*. at 791-92 (internal quotation marks omitted) (quoting *Nadeau v. Helgemoe*, 581 F. 2d 275, 278-79 (1st Cir. 1978)). Thus, "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Id*. at 792-93. "Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley*, not to the availability of a fee award *vel non*." *Id*. at 793.

In this action, the magistrate judge properly evaluated the fee and cost applications under the well settled *Garland* framework. (*See* R & R at 6-12.) The magistrate judge properly declined the State's request to apply the slightly different analysis set forth in *Hastert v. Illinois*

---

³ Courts construe these fee-shifting statutes similarly. *Davis v. City of New Rochelle*, 156 F.R.D. 549, 553 (S.D.N.Y. 1994) ("Since § 1973l(e) and § 1988 contain nearly identical language and are driven by similar Congressional intent, the Courts construe these fee shifting statutes similarly." (footnote omitted)).

*State. Bd. of Election Comm'rs*, 28 F. 3d 1430 (7th Cir. 1993), a redistricting case. In that case, the Seventh Circuit announced a special standard for fee applications "in the redistricting context," noting that, in such cases, "the touchstone for whether a party 'prevails' is simply whether that party's map (or the map the party ultimately embraces) is ultimately adopted." *Id*. at 1443 (affirming denial of attorneys' fees for plaintiff-intervenors who submitted a proposed redistricting map that was rejected by the court, even though the plaintiff-intervenors' contributions to the litigation arguably were a "substantial factor in eradicating conduct that violates the Voting Rights Act"). Notably, *Hastert* is neither binding on this Court, nor does the Court find the analysis persuasive. The *Hastert* approach to evaluating requests for fees by parties to a redistricting litigation is unduly restrictive and inconsistent with the well recognized "broad remedial purpose of § 1988." *Wilder v. Bernstein*, 965 F. 2d 1196, 1203 (2d Cir. 1992) (analyzing the legislative history and purpose of enacting § 1988); *see also Hensley*, 461 U.S. at 433 (noting that courts should use "a generous formulation" to determine whether a party qualifies as a prevailing party under § 1988). Moreover, there is no authority from the Supreme Court or from this Circuit indicating that courts should analyze redistricting cases differently from other types of cases entitled to fee shifting under § 1988. As one court has recognized, the analysis of prevailing party status in *Hastert* is "contrary to the overwhelming majority of reported decisions that have addressed prevailing party status." *Perrin v. Kitzhaber*, 83 P. 3d 368, 375-76 (Or. Ct. App. 2004) (reversing denial of a fee application and finding that the plaintiff-intervenors in a redistricting litigation achieved prevailing party status even though their proposed plan was rejected because their submissions were "helpful" to the court in creating a new plan). Thus, the magistrate judge correctly rejected the State's request to analyze the fee applications under *Hastert*.

Second, although the State did not object to the magistrate judge's calculation of the fees and costs for each of the plaintiff-intervenors, it bears noting that the magistrate judge applied the appropriate legal standards and reached the correct resolution with respect to each party's application. The magistrate judge was in the best position to determine the merits of the applications as she served as the Special Master in this action, reviewing the parties' submissions with respect to the congressional redistricting and crafting the new congressional map, which was adopted by the three-judge panel. She was keenly aware of each of the plaintiff-intervenors' contributions to the final map adopted by the Court, their overall success in achieving their goals in this litigation, and whether their efforts were merely duplicative of the original plaintiffs' efforts. She skillfully adjusted their requested compensation to reflect their contribution to the litigation. Accordingly, upon review of the characteristically thorough, thoughtful, and well-reasoned R & R, the Court hereby adopts the R & R in its entirety.

## CONCLUSION

For the reasons set forth above, the R & R is adopted in its entirety. Accordingly, it is ORDERED that: (1) the Rose Intervenors' motion is denied in its entirety; (2) the Lee Intervenors are awarded $61,444 in attorneys' fees; (3) the Drayton Intervenors are awarded $88,502.75 in attorneys' fees, $15,780 in expert fees, and $0.75 in litigation expenses; and (4) the Ramos Intervenors are awarded $97,196.25 in attorneys' fees.

SO ORDERED.

DATED: Brooklyn, New York
   August 14, 2014

               _____/s/_____
                 DORA L. IRIZARRY
                United States District Judge